JOHN C. NELSON, TO USE OF HAENSCHEN & ORTHWEIN, Appellants, *v.* FRED. LUCHTEMEYER AND FRED. VOLMACK, Respondents.

1. *Replevin — Dismissal of suit — Damages under — Privity of title.*—Where an action of replevin against a sheriff to recover property seized under execution, was brought by a stranger having no title or interest in the property, and afterward dismissed, in assessing damages against plaintiff, the latter cannot show that the execution debtor, and consequently the sheriff who held under him, was not the real owner of the property, and hence was only entitled to nominal damages. The rule authorizing such proof of title applies only to cases where plaintiff stands in some relation of privity in respect to the property, with defendant or those from whom he derives his interest, as in Dilworth v. McKelvy, 30 Mo. 149.

*Appeal from Jefferson Circuit Court.*

*Abner Green*, for appellants.

If the defendants in the execution had no title or interest in the property levied on, they had no right to the possession of it when replevied; and having neither the right of property nor of possession, were not damaged by the replevin. The decision in Dilworth v. McKelvy, 30 Mo. 149, is based on the fact that defendant had a special interest in the property, and hence a right to possession. Here defendants have no interest or right of possession. That case authorized recovery by plaintiff to the extent of his interest and no more.

Plaintiff in the present suit may lawfully show that defendant's interest was only nominal. (Gilham v. Kerone, 45 Mo. 487.) Plaintiff put the property into the hands of the real owners, and in the assessment of damages it is unjust that defendant, having no interest in the property, should get its full value.

If plaintiff is compelled in this suit to pay for the property in contest, he will still have to pay the true owners, and will thus be forced to make a double payment.

*P. Pipkin*, for respondents.

In this case plaintiff is a stranger having no manner of interest in the property, and is liable in full for its value. (Dilworth v. McKelvy, 30 Mo. 149.) By dismissing his suit he admits that he has no title, and he certainly cannot set up title in any one else.

CURRIER, Judge, delivered the opinion of the court.

This is a replevin suit, and the question for determination arises upon the action of the court in excluding evidence on the hearing of a motion to assess damages for the non-prosecution of the action with effect.

The suit was brought to recover possession of 200 cords of wood, a cart, grindstone and other property; but for the purposes of the present inquiry, the suit may be regarded as prosecuted alone to recover the cart, grindstone and wood. As

to the other property, the plaintiff recovered judgment, and no question arises upon that branch of the case. As to the articles above mentioned, the suit was dismissed, and the defendants thereupon moved the court to assess their damages ; the wood, etc., having been taken from them under the usual order in such cases, and not returned.

The assessment of anything more than nominal damages under the motion was resisted on the ground that the property in question was, as the plaintiff alleged, owned by the parties for whose use the suit was brought, the plaintiff suing as trustee under a deed of trust, and the defendants, as the plaintiff further alleged, having no title or interest in it. The court, however, excluded all evidence tending to show the state of the title to the property sued for ; and this is the action of the court which the plaintiff complains of.

As already intimated, the case stands as though it had been originally brought to recover the wood, cart and grindstone, and nothing else, and had been wholly dismissed without judgment, after the property sued for had been taken from the possession of the defendants. In that attitude of the case, what were the rights of the parties ?

The statute (2 Wagn. Stat. 1026, § 11) provides that where the plaintiff in a replevin suit "fails to prosecute his action with effect and without delay, and shall have the property in his possession, and the defendant in his answer claims the same, and demands a return thereof," damages shall be assessed against the plaintiff for the value of the property, and for the incidental injuries resulting from the taking. The case before us falls fully within these provisions. The plaintiff secured the property and then dismissed his suit, and thus failed to prosecute it with effect. The defendants in their answer claimed to be the owners of the property, and demanded a return of it. The answer in fact shows that the defendants held the property in their official capacity as sheriff and sheriff's deputy, the property having been levied upon, as the answer states, under an execution against certain third parties. The plaintiff claims that these third parties — the execution debtors — were not the real owners of

the property, and that they in truth had no interest in it, and consequently that the defendants had none — the interest of the defendants depending upon the extent of the interest of the execution debtors. The interest of the officer levying the execution was undoubtedly special, and depended for its value upon the nature and extent of the title in the execution debtors. Upon the motion to assess damages, was it the duty of the court to go into an investigation of the title of these debtors? Dilworth v. McKelvy, 30 Mo. 149, does not so decide. It is there held that where the plaintiff ·in a replevin suit has taken possession of the property sued for, and fails to prosecute his suit to a successful issue, and it further appears that the defendant has only a special interest in the property as against the plaintiff — such as a lien for money advanced — the damages should be limited to the value of that special interest. This rule applies where the plaintiff stands in some relation of privity in respect to the property in contest, with the defendant or with the party from whom the defendant derives his interest. But where there is no such privity, and the plaintiff is a mere stranger to the title, the rule does not apply. This was distinctly decided in the case referred to. Gilham v. Kerone, 45 Mo. 487, merely adopts and applies the principle announced in Dilworth v. McKelvy. But that principle does not apply here. The property in contest was not included in the deed of trust, and the plaintiff was a stranger to the title thereto. He therefore has no concern with it, or right or interest therein to protect. Having no title himself — being a mere stranger, and having abandoned his suit — I see no sufficient reason for permitting him to litigate in this form the rights of third parties who are not even joined in the suit. The plaintiff seeks to contest the interest of the defendants on the ground that the third parties — the execution debtors — had no title, thus seeking to adjudicate the rights of persons not parties to the suit.

Upon the view we have taken of the case, the action of the lower court in excluding the plaintiff's evidence was warranted, and the judgment will be affirmed. The other judges concur.