THOMAS S. ROBBINS, Respondent, v. WILLIAM S. FOSTER ET AL., Appellants.

Kansas City Court of Appeals, February 8, 1886.

1. REPLEVIN—DEFECTIVE VERDICT—EFFECT OF ON JUDGMENT AS TO ITS VALIDITY—CASE ADJUDGED.—Where the jury, in their verdict, on the trial of the issues in a replevin suit, in a justice's court, did not find the value of the property, nor assess any damages for its detention, nor did they find the interest of the plaintiff in the property, this was error, for which the plaintiff had his right of appeal to have corrected. But this omission did not render the judgment void, so as to subject it to attack in a collateral proceeding. The justice's court had jurisdiction over the parties, and the subject-matter of the action. And where it ordered the return of the property, pending the time allowed by law for appeal, it had jurisdiction to order the return of the property, and because it did not do more, as required by the statute, did not make void what it did do.

2. —— EFFECT OF THE ACTION, IN THIS CASE, AS TO SATISFYING JUDGMENT, OR DISCHARGING SURETY.—The taking of the property by the constable, and delivering it to plaintiff, under the circumstances of this case, did not have the effect either to satisfy the judgment, or to discharge the surety. The order of the justice was vacated at the instance of the defendant, and the property, likewise, against the consent of plaintiff, was re-taken at defendant's direction, and returned to him; and defendant will not be permitted to take advantage of his own wrong and artifice.

3. —— DEFENCE IN SUIT ON DELIVERY BOND—CONDITIONS OF BOND. In a direct suit on the delivery bond, the defendant will not be allowed to show in defence that the property belonged to another person. The condition of the bond, among other things, is for the return of the property, and failing to perform this, a cause of action arises on the bond. Under the statute, the defence of a want of a demand of the property can only be made available by offering in the answer to make restitution.

APPEAL from Johnson Circuit Court, HON. NOAH M. GIVAN, Judge.

*Affirmed.*

The case is stated in the opinion of the court.

J. M. CRUTCHFIELD, for the appellant.

I. Where the property has been delivered to plaintiff in an action of replevin before a justice, and the cause is tried by a jury whose verdict is for defendant, with no finding as to the right of property or the value, and no damages are assessed, no action can be maintained against the sureties on the bond. (1) These matters are not open to inquiry in an action on the bond. *White v. VanHouton*, 51 Mo. 577. (2) The action is a special statutory proceeding, and the course pointed out by the statute must be substantially pursued, or the acts of the court are *coram non judice* and void. *Young v. Glasscock*, 79 Mo. 574; *Baldwin v. Dillon*, 30 Mo. 429; Wells on Replevin, sect. 760, 21.

II. The plaintiff cannot recover the full value of the property in this action, where the evidence shows that he never had any interest in it, but that it belongs

to the defendant as guardian of his minor son. In such case, plaintiff has sustained no damage by the refusal of the obligor to deliver the property, and the damage should be nominal only. *Wiseman v. Lyon*, 39 Ind. 250; *Belt v. Worthington*, 3 Gill & J. (Md.) 247.

III. When the justice issued the first order of restitution, and the horse was taken from defendant and delivered to plaintiff, his power ceased. The judgment was satisfied, and the sureties, on the delivery bond, were discharged.

SAMUEL P. SPARKS, for the respondent.

I. In a suit on a replevin bond the obligors cannot avail themselves of the failure of the court to render the alternative judgment, for the return of the property or for the value, even if that were an error for which that judgment might be reversed on appeal. This has been expressly ruled. *State ex rel. Johnson v. Dunn*, 60 Mo. 64; *Sweeney v. Lomme*, 22 Wall (U. S.) 208; *Schaffer v. Foldwrack*, 16 Mo. 337.

II. The judgment of the justice was that the property be returned to defendant, and the failure of defendant to return the property constituted a breach of the principal condition of the bond, and suit could be maintained on it at once, and that without demand. *Sweeney v. Lomme*, 22 Wallace, *supra;* Wells on Replevin (Ed. 1880), sect. 423; *Elliot v. Black*, 45 Mo. 372.

III. The judgment established the liability on the bond, nor is it to be measured by the value of the interest or property of party in whose favor the return was adjudged. *Sweeney v. Lomme*, 22 Wallace, *supra;* *Nelson v. Luchtemeyer*, 49 Mo. 56. When judgment has been rendered in the alternative, the damages should be assessed at the entire value of the property. *Fallow v. Manning*, 35 Mo. 271; *Buck v. Remsen*, 34 N. Y. 383.

IV. Defendant could not defeat action by showing title to property in another party. Wells on Replevin, sect. 450; *Nelson v. Luchtemeyer*, 49 Mo. 56.

V. The judgment is not discharged by the order re-

storing the property to defendant.  *State ex rel. Colvin v. Six*, 80 Mo. 64; Freeman on Executions, sect. 269.

VI.  The provisions of the statute (sect. 2902, Rev. Stat.) are for the benefit of defendant, and he may waive them, and take the property, which he did do in this case.

Philips, P. J.—This is an action on a replevin bond. The appellant, Foster, instituted an action in replevin against the respondent, Robbins, in a justice's court, for the recovery of one horse.  Under the writ and delivery bond executed by said Foster, the constable took possession of the horse and turned him over to Foster.  On a trial of the issues therein, before a jury, the jury returned the following verdict:  "We, the jury, find the issues for the defendant."

On this verdict the justice entered up judgment that the defendant, Robbins, recover possession of the horse, and for the restitution of the same to Robbins.

Before the expiration of the ten days allowed by statute to the plaintiff to take an appeal from said judgment, the justice issued an order to the constable to take said horse and deliver him to Robbins, which order the constable executed on the same day of the rendition of said judgment.  On motion of Foster, before the said justice, claiming that the ten days aforesaid had not expired, and that he intended to appeal, the justice vacated said order of delivery and the horse was returned by the constable to Foster.  At the expiration of the ten days, Foster, having failed to take an appeal, refused to surrender the horse, claiming that he belonged to his minor son.  Thereupon this action was instituted on the delivery bond against Foster and his surety.

On a trial had before the circuit court, the court found the issues for the plaintiff, and defendants have brought the case, on appeal, to this court.

I.  The first objection made to the judgment is, that the jury in their verdict, in the case of *Foster v. Robbins*, on the trial of the issues in the replevin suit,

did not find the value of the horse, nor assess any damages for his detention, etc., nor did they find the interest of the plaintiff in the horse. This doubtless was error, for which plaintiff had his right of appeal to have corrected. But this omission did not render the judgment void, so as to subject it to attack in a collateral proceeding. *State ex rel. Johnson v. Dunn*, 60 Mo. 64; *Sweeney v. Lomme*, 22 Wall. 208.

The justice's court had jurisdiction over the parties and the subject-matter of the action. It had jurisdiction to order the return of the property; and because it did not do more, as required by the statute, did not make void what it did do.

II. The taking of the property by the constable and delivering it to Robbins, under the circumstances of this case, did not have the effect either to satisfy the judgment or to discharge the surety. The order of the justice was vacated at the instance of Foster, and the property likewise, against the consent of Robbins, was re-taken, at Foster's direction, and returned to him. The rule invoked by him on this appeal is never permitted by the courts to operate so as to allow the defaulting party to take advantage of his own wrong and artifice. *State ex rel. Colvin v. Six*, 80 Mo. 61; Herman on Ex., sect. 176; Freeman on Ex., sect. 269.

III. Nor did the court err in refusing to hold that the defendant, Foster, could show in defence of this action that the horse belonged to his minor son. In a direct suit on the delivery bond such defence is not tolerated. *Sweeney v. Lomme, supra; Nelson v. Luchtemeyer*, 49 Mo. 56; Wells on Replevin, sect. 450.

The condition of defendants' bond, *inter alia*, is for the return of the property. This they failed to perform and for this a cause of action arose on the bond.

The defendant, not only failed to have the horse forthcoming, but placed him where he could not be found. It does not lie in his mouth to complain of the want of demand. Under the statute this defence can only be made available by offering in his answer

to make restitution. This he failed to do, but set up title in a stranger as his excuse. Sect. 1008, Rev. Stat.

The judgment should be affirmed. All concur.