S. G. ENDICOTT *et al.*, Respondents, v. JAMES HALL, Appellant.

St. Louis Court of Appeals, February 12, 1895.

1. Justices' Courts: CHANGE OF VENUE. A justice of the peace has no power to require the payment of costs as a condition to the allowance of a proper application for a change of venue.

2. ———: ———: PROCEEDINGS ON APPEAL. If such application is denied by the justice because the applicant will not pay the costs, and thereon the applicant refuses to proceed further before the justice, and judgment against him by default and an appeal by him therefrom to the circuit court ensue, the circuit court should, on proper motion, vacate the justice's judgment as void, and remand the cause to the justice with directions to grant the change of venue.

*Appeal from the Howell Circuit Court.*—HON. W. N. EVANS, Judge.

REVERSED AND REMANDED (*with directions*).

*Wm. Monks* for appellant.

No brief filed for respondent.

ROMBAUER, P. J.—The plaintiffs sued the defendant upon an account before a justice of the peace. The defendant appeared, and filed an application for a change of venue properly verified, and based on the ground that the justice was prejudiced against him. The justice overruled the application for a change of venue, on the ground that the defendant refused to pay the costs which had accrued in the case up to the date of the application. Thereupon the defendant refused to proceed any further before the justice, and judgment was entered against him by default, which judgment, upon proof of the damages of the plaintiffs was made final. The defendant appealed in due time to the circuit court, and moved that court to remand the cause to the justice with directions to grant him a change of venue. The court overruled this motion, whereupon the defendant declined to appear in the case any further. The circuit court thereupon affirmed the judgment of the justice, and the defendant, after an ineffectual effort to set such affirmance aside, appealed to this court.

As no brief is filed by the respondent, we are not advised on what theory this judgment is sought to be upheld. Section 6241 of the Revised Statutes of 1889 provides that, when an affidavit for a change of venue shall be filed, *the justice shall have no further jurisdiction in the cause.* This proviso was presumably added to the section as it formerly stood to obviate the effect of the rulings in *Colvin v. Six,* 79 Mo. 198, and *State ex rel. v. Six,* 80 Mo. 61, which were to the effect that a judgment entered by a justice after filing of an application for a change of venue was *voidable* merely, and not *void.* We decided in *Jones v. Pharis,* 59 Mo. App. 254, that the effect of the above proviso is to render a judgment entered by a justice after application made in due form for a change of venue *absolutely void.* Section 6244 of the statutes provides that, on such application, the justice shall tax costs accrued for issuing subpœnas for witnesses and service thereof, as well as witness fees and costs of transfer, against the party filing the application, if a defendant, and, if a plaintiff, tax against him all the costs. It was also decided in *Johnson v. Latta,* 84 Mo. 139, that the justice who grants the change of venue may issue a fee bill for these costs. But there is no statutory provision, which makes the granting of the change of venue dependent on the *payment* of costs. The justice, therefore, was not warranted in imposing such a condition upon the defendant, and his subsequent entry of judgment against the defendant was absolutely void.

As this judgment was void, it could not be affirmed by the circuit court. The affirmance of a void judgment goes for naught. *State v. Geiger,* 45 Mo. App. 111. The defendant's motion to remand the cause to the justice with directions to grant the change of venue should have been sustained. A defendant sued before a justice has a statutory right to have the cause of

action against him tried and decided by the justice in the first instance, and courts have no right to deprive him of that right simply because, by taking an appeal, he may try his cause before another tribunal.  In many cases he may not be able to give bond and his property may be practically sacrificed, even though the judgment rendered against him is void, and he may be involved in an unnecessary multiplicity of suits, and incur great cost in the protection of his property from process issued on void judgments.

It results that the judgment must be reversed.  All the judges concurring, it is ordered that the judgment be reversed and that the cause be remanded to the circuit court with directions to vacate the judgment of the justice, and to remand the cause to that magistrate, ordering him to grant the change of venue applied for.