HENRY B. MEYER, Respondent, v. J. T. SINGLETARY, Appellant.

St. Louis Court of Appeals, May 10, 1898.

1. **Judgment: JUSTICES' COURT: JURISDICTION.** Where the justice has jurisdiction of the subject-matter and of the person of the defendant, he has authority to render judgment in the case, and although the judgment so rendered may be irregular or insufficient it is not void.

2. ———: ———: ———: **PRACTICE, TRIAL: JUDGMENT OF CIRCUIT COURT MUST CONFORM TO JUDGMENT AFFIRMED: REPLEVIN.** The judgment of affirmance in the circuit court must conform to the judgment of the justice court affirmed.

3. ———: ———: ———. In the case at bar the judgment entered by the circuit court does not conform to that of the justice in that it finds the value of the property to be $400, and gives the plaintiff a judgment for the possession of the property or its assessed value, to wit, $400; whereas the judgment of the justice was only for the possession of the property.

*Appeal from the St. Louis City Circuit Court.*—HON. L. B. VALLIANT, Judge.

REVERSED AND REMANDED (*with directions*).

MARTIN, BASS & CARR for appellant.

The judgment of the justice was void. *First.* Because no finding was made upon which to base said judgment, as required by the statute. R. S. 1889, sec. 6185; Fulkerson v. Dinkins, 28 Mo. App. 160; Gulath v. Waldstein, 7 Mo. App. 66; Beemis v. Wylie, 19 Wis. 318; Patterson v. U. S., 2 Wheat. 221; Heeron v. Beckwith, 1 Wis. 17; Bates v. Wilbur, 10 Wis. 415; Mercer v. James, 6 Neb. 406; Marchette v. Wauless, 1 Col. 225. *Second.* Because said judgment fails to describe or ascertain the property, possession of which is

awarded to plaintiff. Gulath v. Waldstein, 7 Mo. App. 66; Beemis v. Wylie, 19 Wis. 318; Welch v. Smith, 45 Cal. 230; Dowell v. Richardson, 10 Ind. 573; Guille v. Wong Fook, 13 Ore. 577; Harris v. Austell, 2 Bax. (Tenn.) 148; Campbell v. Jones, 38 Cal. 507. The judgment of the justice, being void upon its face, could not be affirmed by the circuit court. State v. Geiger, 45 Mo. App. 111; Carroll v. Hancock, 57 Mo. App. 228; State v. Sell, 61 Mo. App. 160; Endicott v. Hall, 61 Mo. App. 185.

No brief filed for respondent.

BIGGS, J.—This case is before us on the record proper, there being no bill of exceptions. It is an action of replevin without bond. After reciting the appearances of the parties, the judgment of the justice of the peace concluded as follows:

"The justice having heard the evidence and arguments doth adjudge that the plaintiff recover of the defendants the possession of the property as in the writ described ($100) for his damages and the costs of the suit herein expended." The defendant appealed to the circuit court, where the judgment of the justice was affirmed for want of prosecution. The judgment of affirmance is as follows:

"Now at this day comes the plaintiff by attorney, but it appearing that the defendant appellant has failed to prosecute his appeal according to law, on motion of the said plaintiff, it is ordered by the court, that the judgment herein of Justice Hanley, be and same is in all things hereby affirmed, and that the plaintiff recover of the defendant and Elizabeth Kessler, the surety on the appeal bond herein, the property in the writ described, or $400, the value thereof, and that he recover of

JUDGMENT of the justice.

Meyer v. Singletary.

said defendant and said surety the sum of one hundred dollars for his damages and the costs and charges of the suit herein, and that execution issue therefor."

Defendant has appealed to this court.

The judgment of the justice is unquestionably irregular. When an action of replevin is instituted without bond, and the verdict is for the plaintiff, the statute requires the justice or jury to find the value of the property and damages for its detention; that it was in the possession of the defendant at the date of the issue of the summons, and that the defendant wrongfully detained it from the plaintiff. Upon these findings it is made the duty of the justice to render a judgment that plaintiff recover the property and the damages assessed, and if the property shall not be found, or if the plaintiff so elect he shall recover the assessed value, etc. R. S. 1889, sec. 6185. The judgment of the justice fails in many respects to comply with the foregoing statutory requirements, but we do not agree with counsel that it is a void judgment. This could only be true if the justice in rendering it had acted entirely without jurisdiction. (Robbins v. Foster, 20 Mo. App. 519.) Thus in the case of State v. Geiger, 45 Mo. App. 111, the defendant was tried and convicted by the justice without being arraigned. This rendered the judgment of the justice an absolute nullity. So in the case of Endicott v. Hall, 61 Mo. App. 185, the judgment of the justice was void for the reason that he improperly refused to award a change of venue. The statute provides that when an affidavit for a change of venue shall be filed "*the justice shall have no further jurisdiction in the cause.*" R. S. 1889, sec. 6241. In both of these cases we held that the judgments could not be *affirmed* in the circuit court for the reason that they were void. In the case at bar the justice did not act without

JUSTICE had jurisdiction of subject and person.

jurisdiction, therefore his judgment was irregular and insufficient, but not void. He had jurisdiction of the subject-matter and of the person of the defendant and he had authority to render a judgment in the case.

The judgment of affirmance must conform to the judgment affirmed. In this case the judgment entered by the circuit court does not con-