Jqdge Ryland
delivered the opinion of the court.
*405 This was an indictment against the defendant, Corson, for a felony, “Kidnapping,” found by the grand jury of St. Louis county, and returned into court on 29th November, 1843.
On the 16th December, 1843, a capias was issued against the defendant, whioh was returned not executed, the defendant not being found in St. Louis county. From the record nothing further appears to have been done in this case, until the 12th September, 1848, when an alias capias was issued against the defendant, on which it appears that he was arrested, hut by some means made his escape. On 29th October, 1848, a pluries capias issued against the defendant. On this writ he was arrested, and was afterwards held to bail. At the November term, 1848, of the criminal court, the defendant appeared and hied his plea in abatement to the indictment, which plea alleges, that the indictment against the defendant was found by the grand jury sometime in the year 1843, and “that the said indictment was not continued on the docket and records of said criminal court from term to term, but the said indictment, by reason of the omission and neglect to continue said indictment upon the minutes and records of said court, was wholly discontinued and abandoned, and this he is ready to verify.” To this plea the State, by her circuit attorney, demurred. The criminal court overruled the demurrer and discharged the defendant. The circuit attorney prayed an appeal to this court, and that the defendant may be held to bail. The appeal was allowed, and the defendant was required to give bail.
This court is now called on to examine the judgment of the court below in overruling the demurrer to the defendant’s plea in abatement.
The common law doctrine of “Discontinuances” is not considered applicable to this case; for I apprehend our statute has, so far as respects indictments for felonies, when the defendant is not in actual custody or on hail, superseded the common law in this particular. See Statute, Practice and proceedings in Criminal cases, art. 3, see. 17, and art. 4, sec. 1, 2, and 3.
These provisions of our statute make it a misdemeanor for a grand juror, a judge, prosecuting attorney, or other officer of any court, to disclose the fact of any indictment for a felony being found, unless the defendant is in custody or on bail; and the 1st section of the 4th article above referred to, declares that such indictment shall not in such a case be open to inspection of any person, except the judge, circuit attorney and clerk, until the defendant therein shall have been arrested. The third section provides for the officers in issuing and executing the process and in the discharge of official duty.
*406 Under the. provisions of the statute, I hold it to be the duty of the clerk not to enter on his docket, or minutes or records, the fact of the grand jury finding the bill of indictment against the defendant for a.felony, unless he be in custody or on bail, nor to enter the continuances of the cause from term to term. He should keep a private memorandum book, in which all such indictments for felonies are entered, and which, together with the indictments, should not be open to the inspection of any person except the officers mentioned in the statute; and such indictment should never be docketed nor entered on the minutes nor records of the court until the defendant is in custody; otherwise the statute is nugatory. Why require the secrecy under a penalty of a misdemeanor if the officer keeping the records is required to docket and note the case and the continuances thereof from term to term ? What is the object of these statutory provisions? What evil was to be guarded against? Criminals, knowing they had been indicted, often made their escape before the officers could arrest them.
It was to prevent this, and to render the administration of the criminal law more efficacious, officers were required not to disclose the finding of indictments for felonies; grand jurors were under the same requisition. Indictments were not to be open to inspection. All this was to be kept secret until the defendant should be arrested.
Now establish the doctrine contended for by the defendant’s counsel in this case, and you virtually repeal the sections of the statute above referred to. The last section of the fourth article of the above statute about “continuances of the cause from term to term,” should not be construed so as to render useless, if not repeal, the 1st, 2nd and 3rd sections of the same article.
The clerk may very well keep a private memorandum of all such indictments for felonies, where the defendants are not in custody or on bail, and may issue capiases by the order of the court whenever he thinks the officer can apprehend the defendant.
Why should the defendant complain because his indictment does not appear entered on the record and regularly continued from term to term for five years before he was ever arrested? What injury has he sustained by this construction of our statute ?
The defendant can have no cause to complain, if after having- kept out of the power of the sheriff fur years-, until he thinks his crime and himself are both forgotten, he shall venture again to return to his former scene of action, and shall find himself the “prisoner of the *407 law.” “The way of the transgressor is hard,” but it is one of his own choosing.
I, therefore, think the criminal court erred in overruling the demurrer in this case, and my brother judges concurring herein, the judgment below is reversed.