STEWART *v.* THE STATE.

ATTORNEY GENERAL.—The Attorney General, alone, is authorized by law to prosecute and defend criminal or state prosecutions in the Supreme Court. Page 144.

BILL OF EXCEPTIONS IN CRIMINAL CASES.—In criminal prosecutions, the bill of exceptions must be made out and presented to the judge at the time of the trial, or within such time as the court may allow, *during the term.* Page 144.

SAME.—The legal presumption is that the judge signed the bill of exceptions when presented, and that it was filed by the clerk when signed.

INDICTMENT.—An indictment becomes a part of the record when filed, without any further action of the court.

GRAND JURY.—The consultations of the grand jury are, by law, secret, and it is not competent to inquire into the amount of evidence on which they acted.

SAME—INSTRUCTIONS TO.—It is the duty of the court to instruct the grand jury, but a failure to do so does not affect the validity of their presentments.

APPEAL from the *Cass* Circuit Court.

GREGORY, J.—*Stewart* was indicted at the *October* term, 1863, of the *Cass* Circuit Court. The indictment contained two counts, the first of which was, on motion of defendant, quashed. The second count charges that *James F. Stewart*, on, &c., at, &c., did then and there unlawfully, falsely and feloniously utter and publish, as true and genuine, four false, forged and counterfeit promissory notes, for the payment of

money, * * * * (the notes are set out).
* * * * * And that the said *James F. Stewart* did, then and there, unlawfully, falsely and feloniously utter and publish, as true and genuine, said four false, forged and counterfeit promissory notes to one *William Kafferty*, then and there knowing the same to be false, forged and counterfeit, with the felonious intent, then and there, to defraud him, the said *William Kafferty*. A motion to quash was overruled, and defendant excepted. He then pleaded in abatement, that on, &c., being the first judicial day of the *October* term, 1863, of the *Cass* Circuit Court of the State of *Indiana*, only twelve men were on that day empanneled, charged and sworn as grand jurors in and for said court, at its said *October* term; that afterward, at said term, on, &c., the court discharged one of said grand jurors; that afterward, on, &c., the remaining eleven came into open court, bringing with them the indictment in this case, when the court directed another man to be placed on said grand jury; whereupon one *James Horney*, a bystander, was placed on said grand jury, after having the oath prescribed by the statute administered to him by the clerk, and was not charged by the court as to his duty as a grand juror. The grand jury never, after said *Horney* was thus placed on said jury, were charged by the court, to discharge their duties; that but one charge was ever administered to them as a body composed of twelve men. He further says that after said *Horney* was thus added to the eleven remaining grand jurors, they, with him, retired to their room, and immediately returned the indictment in this case in open court, without any testimony whatever being heard by them after said *Horney* was thus attempted to be placed on said jury.

A demurrer was sustained to this plea in abatement; and the defendant excepted.

Plea, not guilty; trial by a jury; verdict, guilty. Motions for a new trial, and in arrest, were overruled, and judgment.

On overruling the motion for a new trial, on the sixteenth judicial day of the term, (the term being three weeks,) the

court gave the defendant sixty days in which to file a bill of exceptions. Within that time, but after the expiration of the term, it was filed, presenting the questions arising on the motion for a new trial. And we are asked by the *Attorney General* to disregard the questions thus presented, as not forming any part of the record. *D. H. Chase, Esq.*, the prosecuting attorney for the 11th circuit, in which is the county of *Cass*, on the 23d of *May*, 1865, signed an agreement waiving all objection to the time of its filing.

The *Attorney General* is, alone, authorized by law to prosecute and defend criminal or state prosecutions in this court. (Laws passed at the extra session of 1861, § 1, p. 14, last clause.)

The code, "concerning the civil procedure of courts and their jurisdiction in civil matters," provides that "the party objecting to the decision must except at the time the decision is made; but time may be given to reduce the exception to writing, but not beyond the term, *unless by special leave of the court.*"   2 G. & H., § 343, p. 209.

The code "concerning the mode of proceeding in criminal cases," enacts that "all bills of exception in a criminal prosecution must be made out and presented to the judge at the time of the trial, or within such time thereafter, *during the term*, as the court may allow, signed by the judge and filed by the clerk. The exception must be taken at the time of the decision."   2 G. & H., § 120, p. 420.

This language is plain, and admits of but one interpretation. In criminal prosecutions, the bill of exceptions must be made out and presented to the judge at the time of the trial, or within such time as the court may allow, *during the term*.

The legal presumption is that the judge signed the bill of exceptions when presented, and that it was filed by the clerk when signed.

This, of course, will not prevent the compelling a judge to sign the bill of exceptins, after the term, when it has been

properly presented to him, at the time of the trial, or within such time *during the term* as he may have fixed by order of the court.

It follows, that the bill of exception in the case at bar, although copied into the transcript, forms no part of the record, and cannot be considered by us.

It is objected to the indictment that it is not made a part of the record by any action of the court below.

The transcript shows that the indictment was returned into court by the grand jury. An indictment becomes a part of the record when filed, without any further action of the court.

It is urged that the indictment does not contain all the requisites required at the common law. No particular defect is pointed out by counsel. The indictment is good by the statutory rules of pleading in criminal cases. See the case of *Reams* v. *The State*, 23 Ind. 111.

It is contended that the court below erred in sustaining the demurrer to the defendant's plea in abatement. Two sections of our statute are referred to; which are as follows:

§ 1. "That a grand jury shall consist of twelve members, all of whom shall be reputable freeholders or householders of the proper county, and taxable therein." 2 G. & H., pp. 431, 432.

§ 16. "Each juror must take the usual oath. The court must plainly instruct them as to their duty. An indictment may be found by any nine. It must be indorsed by the foreman, 'A true bill.—A. B., foreman,' returned into court, and filed by the clerk." 2 G. & H., p. 394.

When the indictment was returned into court, the grand jury consisted of twelve men. By law, their consultations are secret; and it is not competent to inquire into the amount of evidence on which they acted. It was the duty of the court below to instruct them; but the omission to do so does not affect the validity of their presentments or indictments. The court committed no error in sustaining the demurrer.

The judgment is affirmed, with costs.

*L. Chamberlain*, for appellant.

*D. E. Williamson*, Attorney General, for the State.