## THE PEOPLE *v.* S. D. HIDDEN.

EXCUSING GRAND JURORS.—The Judge excused persons summoned as grand jurors and in attendance, without requiring them to appear and make their excuses under oath in open Court; *held,* no error.

OBJECTION TO GRAND JURY.—If a defendant in a criminal case has an opportunity given him to interpose a challenge to the grand jury and to the individuals of such jury, before the indictment is found, but makes no challenge, he cannot afterwards take advantage of any objection to the panel or to an individual grand juror.

APPEAL from the County Court, Santa Clara County.

The facts are stated in the opinion of the Court.

*J. G. McCullough, Attorney-General,* for the People.

*Senter & Hunt,* for the Respondent.

By the Court, CURREY, C. J.:

The grand jury drawn and summoned at the January term, 1867, of the County Court of Santa Clara County, in the mode provided by law, appeared, and being called, certain of the number so summoned were excused for causes which at the time seemed sufficient to the Court; after which the remainder of the persons so drawn and summoned were called, and the first fifteen who answered were sworn as a grand jury. At the time the grand jury was thus constituted the defendant and one William Spear were in custody, charged with having committed a felony, for which they were held to answer, and they were brought into Court and asked by the Judge if they had any objections to make to any of the fifteen persons who had been drawn to form a grand jury; whereupon they answered that they had " no objections to any of said persons acting as grand jurors, nor to the panel of grand jurors." The Court then appointed one of the jurors foreman, and instructed them. The grand jury then retired in charge of a sworn officer, to deliberate upon the matters to be brought before them. While in session, this grand jury found and returned an indictment against the defendant accusing him of

the crime of assault with a deadly weapon upon José Miguel Martinez with intent to murder him. Upon being arraigned, the defendant moved the Court to discharge him from custody on the grounds—first, that the grand jury had formed and expressed an opinion before the finding of the indictment adversely to the defendant; secondly—that no opportunity was offered to him, after his arrest and before the indictment was found, to except to the panel of grand jurors, nor to the individual jurors who found the indictment. By stipulation between the District Attorney and the defendant's counsel, the latter had leave to introduce affidavits in support of the motion. Whether any affidavits were introduced or not, the record does not inform us; but it appears that upon the parties thus stipulating, the attorneys for the respective parties argued and submitted the motion; and then the defendant was arraigned, which the stipulation provided should be without prejudice to his motion, and thereupon he pleaded not guilty. After this was done the jurors were brought into Court and informed by the Judge that they had no power or authority to act, because of irregularities which had occurred in excusing persons from serving as grand jurors, and thereupon " the Court, upon its own motion," discharged them from further attendance, and ordered that the defendant be held to await " the further action of the next grand jury." The Court, on motion of the defendant's counsel, rendered judgment. setting aside and dismissing the indictment. To these rulings and judgment of the Court the District Attorney excepted, and in due time appealed.

The grand jurors were drawn and summoned, it would seem from the showing of the record, as required by the statute. (Laws 1863, p. 630.) Some of the persons who appeared in answer to summons were excused for causes which seemed to the Court at the time to be good and valid, and the objection which the Judge took to his own action in the premises was not that the grounds upon which he excused such persons were not sufficient, but that he did not require them to appear and make their excuses under oath in open Court. In answer

to this objection it is enough to say that the statute does not require this, though the practice requiring excuses in such cases to be supported by evidence in some accredited form is to be commended.

The defendant had the opportunity afforded him to interpose a challenge to the grand jury and to the individuals of such jury before the indictment was found. (Chap. 2 of Title 4 of Criminal Practice Act, Hittell's Gen. Laws, 1768 *et seq.*) He made no challenge, but declared he had neither objection to the panel nor to any individual juror. The one hundred and eighty-ninth section of the Act declares that " a person held to answer to a charge for a public offense can take advantage of any objection to the panel or to an individual grand juror in no other mode than by challenge as prescribed in the preceding sections " of said Act. It is thus seen that the grounds on which the defendant's motion was founded had no existence in fact.

The judgment setting aside and dismissing the indictment is reversed and the cause remanded.