## FITZENRIDER v. THE STATE.

LIQUOR LAW.—*Statute Construed.*—The ninth section of the liquor law of 1859 (1 G. & H. 616) applies to unlicensed as well as licensed retailers.

CRIMINAL LAW.—*Joint Offense.—Acquittal of one Defendant.*—The acquittal of one of two defendants charged with a joint offense does not operate as an acquittal of the other.

SAME.—*Bill of Exceptions.*—The defendant in a criminal prosecution was allowed by the court a period extending beyond the term, in which to file his bill of exceptions, which was filed in the clerk's office within the time so allowed, but not till after the expiration of the term.

*Held,* that, in the absence of anything to the contrary, this showed it was not presented to the judge within the time allowed by law, which requires that it be so presented at the time of the trial, or within such time during the term as the court may allow.

APPEAL from the Jennings Common Pleas.

GREGORY, J.—Barbary Brown filed her affidavit before the Mayor of the town of Vernon, charging that on, &c., at, &c., Herman Fitzenrider and Albert Leiffler did unlawfully and knowingly sell intoxicating liquor to one Benjamin Brown, the said Benjamin being then and there a person who was in the habit of being intoxicated, and after notice had been given to them, the said Herman Fitzenrider and Albert Leiffler, by Barbary Brown, the wife of the said Benjamin, that the latter was a person in the habit of being intoxicated. Leiffler was acquitted on the trial before the Mayor; Fitzenrider was convicted. The latter appealed to the court below. The defendant moved to quash the affidavit; the motion was overruled. This presents the first question in the case.

The statute provides that "Every person who shall, directly or indirectly, knowingly sell, barter, or give away any intoxicating liquor to any person who is in the habit of being intoxicated, after notice shall have been given him by the wife, child, parent, brother or sister of such person, or by the overseer or overseers of the poor of the township where he resides, that such person is in the habit of being intoxicated, shall be deemed guilty of a misdemeanor, and

upon conviction thereof, shall be fined," &c.   1 G. & H. 616, sec. 9.

It is argued that this statute only applies to licensed retailers.   The section defining the offense is general in its terms, and there is nothing in the act to which the section belongs limiting its operation.   The section can be violated as well by an unlicensed as a licensed retailer.

It is claimed that an acquittal of one of the defendants operated as an acquittal of the other.   There is nothing in this position.

A motion for a new trial was made and overruled.   There is an attempt to set out the evidence by a bill of exceptions.

The trial was had on the 3d of June, 1867, the second day of the June term of the Jennings Common Pleas Court. The time fixed by law for that term was two weeks.   The court gave the defendant thirty days within which to file his bill of exceptions.   It was filed in the clerk's office on the 1st of July.   There is nothing in the record showing that it was signed at an earlier period.

In *Stewart* v, *The State*, 24 Ind. 142, this court held, that in criminal prosecutions the bill of exceptions must be made out and presented to the judge at the time of the trial, or within such time as the court may allow, during the term.

In the case at bar, the defendant was allowed by the court thirty days within which to file his bill of exceptions, a period extending beyond the term; the bill was not filed until after the expiration of the term.   In the absence of anything to the contrary, this shows that the bill was not presented to the judge within the time allowed by law.   The evidence is therefore not before this court.

The judgment is affirmed, with costs.

*J. Bundy*, for appellant.

*D. E. Williamson*, Attorney General, for the State.