THE STATE OF MISSOURI, Respondent, v. MONTGOMERY GEIGER, Appellant.

**St. Louis Court of Appeals, May 5, 1891.**

1. **Criminal Law**: ARRAIGNMENT OF THE DEFENDANT. Even in a prosecution for a misdemeanor it must affirmatively appear from the record that there has been an arraignment of the defendant and plea by him, before the trial.

The State v. Geiger.

2. ——— : APPEAL FROM VOID JUDGMENT. The defendant in a criminal proceeding may appeal from the judgment of a justice of the peace, which is void because of an omission to arraign him, and on such appeal the circuit court may arraign him and have his plea entered, and then proceed to retry the cause anew ; but the circuit court cannot affirm the void judgment of the justice.

*Appeal from the Montgomery Circuit Court.*—Hon. E. M. Hughes, Judge.

Reversed and remanded.

*Nat. C. Dryden*, for appellant.

*E. B. Woolfolk* and *O. H. Avery*, for respondent.

Rombauer, P. J.—The defendant was, upon an information filed by the prosecuting attorney, convicted of the offense of selling intoxicating liquors in violation of the local-option law. This conviction was had before a justice, whose docket entry of the proceedings fails to show that defendant was ever arraigned before him, or that any plea of guilty or not guilty was made by him and entered upon his docket, as required by section 2043 of the Revised Statutes of 1879, then in force. Defendant appealed to the circuit court, and gave a recognizance with sureties on such appeal. On the day, when the cause was set for trial in the circuit court, the prosecuting attorney and the defendant's counsel appeared and announced themselves ready for trial. Thereupon, as the bill of exceptions recites, the attorneys for both sides agreed that the trial might proceed without the personal presence of the defendant in court, a jury was waived by the attorneys, and immediately thereafter the prosecuting attorney discovered that the defendant had never been arraigned in the circuit court, and had not entered his plea, and that the transcript from the justice's court did not show either an arraignment or a plea on part of the defendant. Thereupon the court ordered the defendant called, and,

he failing to appear, the court affirmed the judgment of the justice against the defendant and his sureties in the appeal bond.

The defendant, after ineffectual motions for new trial and in arrest of judgment, now prosecutes this appeal, and assigns for error the failure to arraign him, and the affirmance of the judgment after such failure, in the face of the agreement of the counsel waiving the personal presence of the defendant in court.

In a criminal case it is our duty to examine the entire record to ascertain whether it contains a warrant for the judgment rendered; if it does not, we are bound to reverse it. That it is absolutely essential, even in a prosecution for a misdemeanor, that it should affirmatively appear by the record that there has been an arraignment and plea preceding a trial, has been frequently decided. Judgments have been reversed because the record failed to show this fact, although the defendant went to trial upon the merits. *State v. Montgomery*, 63 Mo. 296; *State v. West*, 84 Mo. 440. The judgment of the justice of the peace, being void upon its face, could not be affirmed, at least not until the omission of the entry of arraignment and plea, if it was a mere clerical omission as the state now claims, was rectified by rule upon the justice.

It is true, as the state claims, that a party may appeal even from a void judgment, and if he so appeals and gives recognizance to prosecute his appeal, and not to depart without leave of the court, he is bound by the terms or such recognizance. *State v. Gowling*, 27 Mo. App. 389. The circuit court in such cases becomes possessed of the cause, and may proceed to try it anew even though the judgment of the justice is void, unless it is void for want of jurisdiction. But trying the cause anew, and affirming a judgment, are essentially different things. As the personal presence of a defendant is not essential upon a trial for a misdemeanor, and as his personal presence in this case had been expressly

waived, the court should have ordered the defendant to plead, and, in case of his failure to do so, should have ordered a plea of not guilty to be entered of record. Had this been done, no reason appears why the trial should not have proceeded, as the defendant was present by attorney, and ready to proceed with the trial as the record recites.

The judgment is reversed, and the cause remanded. The defendant is ordered to appear at the next term of the circuit court, so that he may be arraigned and his plea entered of record, and the cause may proceed to trial according to law. All the judges concur.