CASES DETERMINED

BY THE

# SUPREME COURT

OF THE

## STATE OF MISSOURI,

AT THE

OCTOBER TERM, 1893.

---

*(Continued from Volume 117.)*

---

THE STATE v. LORD, *Appellant.*

Division Two, November 9, 1893.

**Criminal Practice:** INDICTMENT, FILING OF: PRESUMPTION. Where an indictment is signed by the prosecuting attorney and is indorsed "a true bill" and "filed," with date of filing by the foreman of the grand jury and prosecuting attorney respectively and there is no record entry disclosing whether the defendant was in custody or under bail, such facts raise a *prima facie* presumption that the indictment was duly returned and presented in open court as required by the statute (R. S. 1889, sec. 4092), although the clerk made no separate minute entry of the filing.

*Appeal from Douglas Circuit Court.*—HON. W. N. EVANS, Judge.

AFFIRMED.

*A. H. Livingston* and *W. A. Love* for appellant.

Revised Statutes, 1889, section 4092, requiring that indictments shall be presented by the foreman in

their presence to the court and shall be there filed and remain as records of the court is mandatory. Wharton's Criminal Pleading & Practice [8 Ed.], sec. 371; 10 American and English Encyclopedia of Law, pp. 523, 524, and cases there cited; *Goodson v. State*, 10 S. Rep (Fla.), 738; *Simmons v. State*, 15 S. E. Rep. (Va.), 386; *Pearce v. Commonwealth*, 8 S. W. Rep. (Ky.) 893.

*R. F. Walker*, Attorney General, for the state.

The record shows the empaneling of the grand jury who found the indictment, the filing of the indictment during term time, the plea of the defendant to the indictment, and no question as to the sufficiency of the record raised until after conviction. That the grand jury found the indictment, there is no question, and the simple omission of the clerk to enter the return of the indictment upon the record can in no way affect its validity, nor are we able to understand how it could have been prejudicial to defendant. He is brought into court on an indictment filed therein, its contents are read to him and he is asked to plead and say whether or not he is guilty of the crime it charges.

GANTT, P. J.—At the October term, 1891, of the Ozark circuit court an indictment was filed against the defendant and one Whitaker for grand larceny duly signed by the prosecuting attorney and endorsed by the foreman of the grand jury which had theretofore been duly empaneled, charged and sworn.

During the same term, the record shows that defendant came into court and entered into a recognizance, reciting the finding of this indictment and his undertaking to appear and answer to the same. Upon his application, a severance was granted him from

Samuel Whitaker, who was jointly indicted in the same indictment. On his application, a change of venue was awarded him to Douglas county.

In the circuit court of Douglas county, he was arraigned on the duly certified copy of this indictment, entered his plea of "not guilty," was tried, convicted of grand larceny, and sentenced to the penitentiary for two years. He filed a motion in arrest, which being overruled, he appealed to this court. The only assignment of error in this court is the overruling of his motion in arrest.

The only point made by his counsel is that there is no record showing that the grand jury of Ozark county ever returned the indictment into open court and presented the bill.

Section 4092, Revised Statutes, 1889, provides that "indictments found and presentments made by a grand jury shall be presented by their foreman, in their presence, to the court and shall be there filed *and remain as records of said court.*"

Section 4099 provides that: "When any indictment shall be found against any person for a felony, not being in actual confinement or held by recognizance to answer thereto, such indictment shall not be open to the inspection of any person except the judge and clerk of the court and the prosecuting attorney; nor shall it be docketed or entered upon the minutes or records of the court until the defendant therein shall be arrested."

It is true that the transcript from the Ozark circuit court contains no separate minute of the filing of the indictment in open court on the minute book, nor does the record anywhere disclose whether the defendant or his codefendant, Whitaker, were either in custody or on bail at the time. If they were not, it would have been a violation of the law for the clerk to have made

an entry on his record on the day it was returned. *State v. Corson*, 12 Mo. 405.

It was the clerk's duty to file it, and when so filed, it became *ipso facto* a part of the record of the court. *State v. Grate*, 68 Mo. 22; *State v. Clark*, 18 Mo. 432; *Stewart v. State*, 24 Ind. 142; *Mose v. State*, 35 Ala. 421.

This indictment in its caption shows it was "in the Ozark circuit court at its October term, 1891." It is signed by the prosecuting attorney of that county, and indorsed by James A. Harley, the foreman of the grand jury appointed at that term of court, as "a true bill." On the back of the indictment are these indorsements:

"State of Missouri." "Jake Lord and Samuel Whitaker." Indictment. "Charged with grand larceny." "Filed October 13, 1891." "Guy T. Harrison, clerk." "By Robert Q. Gilliland, D. C." The names of the witnesses were then indorsed.

Under these circumstances we think it sufficiently appears that the indictment was returned by the grand jury into the circuit court of Ozark county. *State v. Meinhart*, 73 Mo. 562; *State v. Grate*, 68 Mo. 22; *State v. Pitts*, 58 Mo. 556; *State v. Weaver*, 10 S. E. Rep. 486; *Stewart v. State*, 24 Ind. 142; *State v. Bordeaux*, 93 N. C. 560; *State v. Gainus*, 86 N. C. 632; *Mose v. State*, 35 Ala. 421.

The indictment itself being a part of the record proper and always on file, certainly when it is authenticated as in this case by the genuine signatures and indorsements of the prosecuting attorney, foreman of the grand jury, and the circuit clerk, there can be no question in our opinion but that the *prima facie* presumption is that it was lodged in that court in the manner and by the means prescribed by law.

Whatever view has been taken of this question in

other jurisdictions, we think it is fair to presume in the first instance, that a public officer of the responsibility of a circuit clerk would not file in his office and indorse a paper as an indictment for felony against any citizen, unless the grand jury had so returned it; in other words, would not be guilty of a fraud so easily detected. This presumption in favor of the correctness of official conduct is well established.

The indictment being on file, with the date of its indorsement, the attestation of the prosecuting attorney and foreman of the grand jury constituted it a part of the record by the terms of the statute, from which the clerk could have certified the filing as well as if he had made the minute thereof on the record, as is invariably done from the filing of a petition in a civil case. It would have been perfectly competent for the circuit court of Douglas county to have granted a *certiorari* or rule on the circuit clerk of Ozark county to examine his record and supply the record, if in fact such a record existed, but had, by oversight, been omitted in certifying the cause on change of venue. But, as there was sufficient in the record to show the return of the indictment, and no other error being suggested, or appearing, the judgment is affirmed. All of this division concur.