STATE OF MISSOURI, Respondent, v. SHARPE, Appellant.

St. Louis Court of Appeals, May 8, 1906.

1. **DRUGGISTS: Selling Whiskey without Prescription.** Where a druggist sold without a prescription a half pint of rock candy, ginger, glycerine and whiskey compounded in equal parts, he was guilty of a violation of section 3047, Revised Statutes 1899, though the mixture was not intoxicating.

2. **PRACTICE IN CRIMINAL CASES: Presentment in Open Court.** Where an indictment recited in the caption that it was "In the Circuit Court of Lawrence county in the State of Missouri," was signed by the prosecuting attorney for said county, was indorsed "A true bill," over the signature of one who signed as foreman of the grand jury, and marked "filed" by the clerk, though there was no recital in the transcript that it was presented in open court or that the person signing as foreman of the grand jury was appointed as such, it sufficiently appeared from the indictment and the indorsements thereon that the court was in session and that it was presented in open court.

3. ———: ———: **Timely Objection.** The integrity or authenticity of an indictment in a criminal prosecution should be raised by plea in abatement or by motion to quash; it can not be raised for the first time after conviction, by motion in arrest, or on appeal.

4. ———: **Arraignment.** Where the transcript in a criminal prosecution failed to show that the defendant was arraigned or that a plea of not guilty was entered, there was no issue to be submitted and the case must be reversed.

Appeal from Lawrence Circuit Court.—*Hon. F. C. Johnston,* Judge.

REVERSED AND REMANDED.

*Joseph M. McPherson* and *R. H. Landrum* for appellant.

(1) The defendant was not arraigned and no issue was submitted to the court. This is conceded by the State. State v. Llewellyn, 93 Mo. App. 472; State v. Hull, 73 Mo. App. 300; State v. Walker, 119 Mo. 467, 24 S. W. 1011; State v. Williams, 117 Mo. 379, 22 S. W. 1104. (2) The indictment is insufficient. It does not show that it was presented or returned to any term of the Lawrence Circuit Court. R. S. 1899, secs. 2512, 2513. (3) Defendant was a druggist and was compounding drugs and medicines in the drugstore of W. H. Sloan and should have been indicted as such. He cannot be prosecuted under the dramshop act. State v. Randall, 73 Mo. App. 463; State v. Pollard, 72 Mo. App. 230. (4) A druggist is justified, upon a proper occasion, bona fide, and with due caution, in retailing liquor to be used merely as a medicine. Donnell v. State, 2 Ind. 658; Bishop on Statutory Crimes (Revised Ed.), secs. 239, 1019 and 1020; State v. Larrimore, 19 Mo. 391.

*R. H. Davis* for respondent.

BLAND, P. J.—On an indictment charging him with selling liquor without a dramshop license, or any other legal authority, the defendant was convicted in the Lawrence Circuit Court, and his punishment assessed at a fine of forty dollars, from which conviction he duly appealed to this court.

The evidence shows that the defendant was a clerk in a drugstore in Lawrence county, Missouri; that in January, 1905, W. E. Mullins, who was suffering from lung trouble, consulted Dr. Painter of Mt. Vernon, who advised him to go to a drugstore and get equal parts of rock candy, ginger, glycerine and whiskey and take the compound in small doses. Mullins went to the drugstore and called on defendant to fill the verbal prescrip-

tion of the doctor. The defendant prepared a half-pint bottle of mixture of some sort and handed it to Mullins, who paid twenty-five cents therefor. The witness (Mullins) testified that he could not say there was whiskey in the mixture; that he could not taste any whiskey in it and it was not intoxicating; that he had no written prescription from Dr. Painter for the medicine; that the same medicine had been perscribed for him by physicians on former occasions.

1. On this evidence the defendant asked the court to declare, as a matter of law, that the evidence was insufficient to warrant a conviction. The refusal to so declare the law is assigned as error. The contention of the defendant is, that unless the prescription compounded by the druggist was intoxicating, section 3047, R. S. 1899, was not violated, even though the prescription did contain some intoxicating liquor. This section prohibits a druggist from selling or giving away or otherwise disposing of "alcohol or intoxicating liquor of any kind in any quantity less than four gallons for any purpose, except on a written prescription, dated and signed, first had and obtained from some regularly registered and practicing physician," etc. To prevent intoxication is not the sole purpose of this statute. It is pre-eminently.a statute to regulate the sale of intoxicating liquors by druggists, and is violated if a prescription is compounded containing a half gill of intoxicating liquor in a pint of other ingredients, without the required prescription, as effectually as by selling a pint of straight whiskey without a prescription. The inference is that the defendant furnished the witness with what he called for, in the absence of any evidence to the contrary, and we think the evidence was sufficient to warrant the conviction.

2. The transcript recites that on March 18, 1905, the indictment was filed in the office of the clerk of the circuit court, within and for the county of Law-

rence and State of Missouri. The caption of the indictment is as follows: "In the circuit court of Lawrence county, in the State of Missouri." It is signed by the prosecuting attorney in and for said county. It is indorsed "A true bill," over the signature of G. W. Logan, foreman of the grand jury, and is marked "Filed," by the clerk of the court. There is no recital in the transcript that it was presented on open court, or that Logan was appointed foreman of the grand jury.

Section 2512, R. S. 1899, provides: "Indictments found and presentments made by a grand jury shall be presented by their foreman, in their presence, to the court, and shall be there filed and remain as records of such court."

In State v. Lord, 118 Mo. 1. c. 3, 23 S. W. 764, where substantially the same facts were recited in the transcript as in this case, the court said: "It is true that the transcript from the Ozark Circuit Court contains no separate minute of the filing of the indictment in open court of the minute book, nor does the record anywhere disclose whether the defendant or his co-defendant, Whitaker, were either in custody or on bail at the time. If they were not, it would have been a violation of the law for the clerk to have made an entry on his record on the day it was returned. [State v. Corson, 12 Mo. 405.]

"It was the clerk's duty to file it, and when so filed, it became ipso facto a part of the record of the court. [State v. Grate, 68 Mo. 22; State v. Clark, 18 Mo. 432; Stewart v. State, 24 Ind. 142; More v. State, 35 Ala. 421.]

"This indictment in its caption shows it was 'in the Ozark Circuit Court at its October term, 1891.' It is signed by the prosecuting attorney of that county, and indorsed by James A. Harley, the foreman of the grand jury appointed at that term of court, as 'a true

bill.'   On the back of the indictment are these indorsements:

"State of Missouri."    "Jake Lord and Samuel Whitaker."    Indictment.    "Charged with larceny." "Filed October 13, 1891."    "Guy T. Harrison, clerk." "By Robert Q. Gilliland, D. C."    The names of the witnesses were then indorsed.

"Under these circumstances we think it sufficiently appears that the indictment was returned by the grand jury into the circuit court of Ozark county."

But there is nothing in the transcript in this case to show that Logan had been appointed foreman of the grand jury or anything to show that the court was actually in session. The caption of the indictment shows that it was presented in term time.   This recital is untrue, if the court was not in session, an inference that will not be drawn, and we think it sufficiently appears from the indictment and the indorsements thereon, that the court was in session and that the indictment was presented in open court.   The integrity or authenticity of the indictment cannot be raised for the first time after conviction, by motion in arrest or on appeal.  The question should have been raised by plea in abatement or by motion to quash.   [State v. Schnettler, 181 Mo. 173, 79 S. W. 1123; State v. Runzi, 105 Mo. App. 319, 80 S. W. 36.]

3.   The transcript fails to show that the defendant was arraigned or that a plea of not guilty was entered. There was, therefore, no issue to be submitted, for which reason the judgment will be reversed and the cause remanded.   All concur.