## THE STATE OF MISSOURI, Respondent, v. H. MIKEL, Appellant.

Kansas City Court of Appeals, May 6, 1907.

CRIMINAL PROCEDURE: Arraignment: Misdemeanor: Appellate Practice. An arraignment of defendant is as necessary in a misdemeanor as in a felony case, and its failure may be raised for the first time in the appellate court.

Appeal from Boone Circuit Court.—*Hon. Alexander H. Waller,* Judge.

REVERSED AND REMANDED.

*Gillespy* and *Conley* for appellant.

(1) There was no formal arraignment of defendant or entry of plea, hence the judgment of the court is void. R. S. 1899, sec. 2561; State v. Geiger, 45 Mo. App. 111; State v. Haycroft, 49 Mo. App. 488; State v. Hoffman, 70 Mo. App. 271; State v. Sharpe, 95 S. W. 299. Unless the record shows an arraignment the verdict must be set aside. State v. Saunders, 53 Mo. 234; State v. Pickels, 65 Mo. 431; State v. Barnett, 63 Mo. 300; State v. Jones, 61 Mo. 232; State v. Ott, 49 Mo. 326; State v. Montgomery, 63 Mo. 296; State v. Agee, 68 Mo. 264; State v. West, 84 Mo. 440. (2) There is nothing in the entire record showing either that defendant was formally arraigned or that he waived arraignment, or that he entered any plea or that any plea was entered for him. The statute imperatively requires that an arraignment, or a waiver thereof, shall be had in all proceedings, before the party charged can be put upon this trial. R. S. 1899, sec. 2561. (3) Proceedings for the trial of misdemeanors are governed by the same practice as are felonies. State v. Hoffman, 70 Mo. App. 274.

*F. G. Harris* for respondent.

(1) The word "arraigned" means practically the same thing as being personally present. State v. Hunter, 181 Mo. 333. The defendant was present during the whole progress of the trial and testified as a witness in his own behalf that he did not make the alleged sale. (2) The objection that defendant was not formally arraigned cannot be raised for the first time in the appellate court. The trial court should have an opportunity on motion for a new trial to correct its own errors. Taylor v. Brotherhood of Railroad Trainmen, 106 Mo. App. 212.

JOHNSON, J.—Defendant, a druggist, was indicted and convicted in the circuit court of Boone county

on a charge of selling intoxicating liquor in less quantity than three gallons without taking out or having a license as a dramshop keeper or any other legal authority to sell the same. The transcript fails to show that defendant was arraigned or that any plea was made to the indictment. This is a fatal defect. It is just as necessary in misdemeanor as in felony cases that the record should show these facts affirmatively. Until the defendant is arraigned and enters his plea, there are no issues to try or submit to the jury. Without these things being done, there can be no trial, and, as defendant has not been accorded a legal trial, it is immaterial whether or not he made the point in his motion for new trial or in arrest of judgment. It may be raised for the first time in the appellate court. [State v. Sharpe, 95 S. W. 298; State v. Geiger, 45 Mo. App. 111; State v. Haycroft, 49 Mo. App. 488; State v. Hoffman, 70 Mo. App. 271; State v. Saunders, 53 Mo. 234.]

The judgment is reversed and the cause remanded. All concur.