STATE OF MISSOURI, Defendant in Error, v MILTON MOSS, Plaintiff in Error.

St. Louis Court of Appeals, March 5, 1912.

1. CRIMES AND PUNISHMENTS: Record: Necessity of Showing Arraignment. In a criminal prosecution originating in a justice's court. and taken to the circuit court by appeal, if the record does not affirmatively show an arraignment or plea by defendant, either before the justice or in the circuit court, the judgment should be arrested.

2. ————: Arraignment: Time: Appeal from Justice's Court. In a criminal prosecution originating in a justice's court and taken to the circuit court by appeal, if there was no arraignment or plea before the justice, either one of these steps must be taken in the circuit court before the jury is sworn and any evidence is heard, since there is no issue to try until that is done.

3. ————: Appellate Practice: Failure of Record to Show Arraignment. The objection to the failure to arraign accused or enter a plea may be first raised in the appellate court.

4. ————: Arraignment: Appeal from Justice's Court: Amended Transcript. Where, in a criminal prosecution, originating in a justice's court and taken to the circuit court by appeal, the record did not show an arraignment of or plea by defendant, either in the justice's or the circuit court, an amended transcript of the justice, showing that formal arraignment was waived and a plea of not guilty entered before the justice, filed by leave while defendant's motion to arrest the judgment for failure of the record to show arraignment was pending, was not sufficient to cure the defect in the record, and hence the trial court erred in overruling the motion in arrest.

    Held, by NORTONI, J., concurring, that the voluntary amended transcript, filed after verdict, was insufficient to cure the defect, but that an amended transcript of the justice, showing the record and all its entries, could have been filed in the circuit court, pursuant to a rule on the justice, under the statute, or to a writ of certiorari, and the deficiency in the original transcript thus supplied.

Error to Jefferson Circuit Court.—Hon. Joseph J. Williams, Judge.

REVERSED AND REMANDED.

Clyde Williams and R. A. Frazier for plaintiff in error.

(1) The court was without jurisdiction to try the cause, there being no transcript on file from the justice. State v. Metzger, 26 Mo. 65; State v. Cowden, 85 Mo. App. 403. (2) Neither the purported transcript of the justice nor the circuit court records show any arraignment or plea of defendant. State v. Llewellyn, 93 Mo. App. 469; State v. Sharpe, 119 Mo. App. 386. (3) The court committed error in permitting the pretended transcript from the justice to be filed. (a) Because it was filed. after the trial and after the motion for a new trial and in arrest of judgment had been filed by defendant. (b) Because what purported to be the transcript from the justice and the one upon which defendant was tried was already on file. (c) Because it was not filed within three days after appeal taken as required by law. (d) Because after trial the court could not change the record upon which the defendant was tried. R. S. 1909, secs. 5004 and 5005.

*Albert Miller* for defendant in error.

STATEMENT.—Proceeding on writ of error. Defendant was convicted of a misdemeanor before a justice of the peace. He appealed to the circuit court where he was again convicted, and he comes here for a review of the case. The record does not disclose any arraignment or plea in the circuit court, nor does the original transcript of the justice show such arraignment or plea before the justice. But after verdict the defendant moved for a new trial and in arrest of judgment on the ground that the record does not show an arraignment or plea of the defendant, and while those motions were pending and undisposed of, the prosecuting attorney, by leave of court, filed an amended transcript of the justice purporting to show that formal arraignment was waived and a plea of not guilty entered before the justice. Thereupon

defendant's motions were overruled and judgment entered against him in accordance with the verdict.

CAULFIELD, J. (after stating the facts).—The motion in arrest of judgment should have been sustained because the record failed to show an arraignment or plea of the defendant either before the justice or in the circuit court. [State v. West, 84 Mo. 440.] It is true that after verdict, and while the motion was pending, this defect was attempted to be cured by the filing of a so-called amended transcript, but we are of the opinion that that filing came too late. The arraignment and plea of the accused are matters of substance and not of mere form. They must have occurred either before the justice or in the circuit court, and the record must affirmatively show the fact. [State v. Geiger, 45 Mo. App. 111.] If there was no arraignment or plea before the justice, then these must be the first steps in the progress of the trial in the circuit court. "They must precede the swearing of the jury and the hearing of the evidence *for till they occur there* is no issue to try." (The italics are our own.) [State v. Montgomery, 63 Mo. 296; State v. Saunders, 53 Mo. 234; State v. Mikel, 125 Mo. App. 287, 102 S. W. 19; State v. Sharpe, 119 Mo. App. 386, 95 S. W. 298.] A trial had without arraignment or plea is so much without effect that the defect may be noticed for the first time in the appellate court. [State v. Mikel, supra.] And so jealously is this matter of arraignment before trial guarded that though the statute provided that if a person arraigned deny the charge in any form, or require a trial, or refuse to plead or answer, and in all cases when he does not confess the indictment to be true, a plea of not guilty may be entered and the trial proceed, still it was held that a plea of not guilty could not be entered, *nunc pro tunc,* after verdict. [State v. Saunders, 53 Mo. 234, 236.] In that case the Su-

preme Court said: "In the present case the prisoner was tried throughout without any issue being framed on which a trial could be had. It is evident there was no issue either in form or substance. It was undoubtedly a mere inadvertence on the part of the prosecuting officer, but it is fatal to the proceedings. And as there was no issue made or entered of record, it was not permissible to supply one after verdict. Such a proceeding would be exceedingly dangerous, and we are not willing to sanction it." Now, in the case at bar, when this case was called for trial the justice's transcript did not disclose that the defendant had been arraigned before the justice. It is clear that as long as that transcript remained unamended the defendant had a right to rely upon it and to govern his conduct and participation in the case accordingly. According to the showing made by the transcript it was absolutely necessary that the defendant be arraigned and a plea entered for him in the circuit court before the jury was sworn or a legal trial could be had. The jury was sworn and the trial proceeded without any arraignment or plea. As the record stood, according to the decisions, no conviction could stand, and defendant was not bound to offer any testimony or make objection to any offered by the state. The proceeding appeared to be merely void. Now it is clear that if the state after verdict be permitted to have the justice's transcript changed to show an arraignment or plea before the justice the situation would be vitally altered. For the first time, after verdict, the record would be made to disclose that an issue had been made up and the defendant forced to his defense where before it appeared that there was no issue and no necessity of defending. Such a proceeding is exceedingly dangerous and we are of the opinion that it should not be permitted. In this view it is not necessary to determine the doubtful question whether the amended transcript could have been considered even if filed in

time and by leave, not having been brought up to the circuit court either by rule upon the justice or by *certiorari*. [Smith v. Chapman, 71 Mo. 217; Horton v. St. Louis, I. M. & S. Ry. Co., 21 Mo. App. 147; Thomas v. Moore, 46 Mo. App. 22; Ford v. Gray, 131 Mo. App. 240, 110 S. W. 692; Stephenson v. Adding Machine Co., 150 Mo. App. 555, 131 S. W. 162.] Upon a retrial the defendant may be arraigned and a plea entered for him in the circuit court and the record made to show the fact and this will render what occurred in the justice court in that respect immaterial. [State v. Geiger, supra.]

The judgment is reversed and the cause remanded. *Reynolds, P. J.,* and *Nortoni, J.,* concur, the latter in the result by separate opinion.

## CONCURRING OPINION.

NORTONI, J.—I concur in the result on the ground that a mere voluntary amended transcript filed after verdict is insufficient.

That the original transcript of the justice docket is insufficient and inaccurate is conceded. Such being true, an amended transcript, showing the record and all of its entries, could be filed in the circuit court, and the deficiency in the original thus supplied, by following an orderly course of procedure. As the arraignment was not shown in the original transcript filed under the statute with the appeal, it could only be shown in the circuit court by an amended transcript filed in obedience to a rule on the justice under the authority of the statute in such cases made and provided or by the full and complete record brought up on *certiorari*. In my opinion, the mere voluntary filing, by the prosecuting attorney, of an alleged amended transcript without regard to the orderly course as to such matters is of no avail. [See Smith v. Chapman, 71 Mo. 217.]