(No. 2451, June 25, 1921. Rehearing Denied Aug. 6, 1924.)

STATE v. TRUJILLO et al.

SYLLABUS BY THE COURT

1.  Evidence reviewed, and **held** to sustain the conviction of the appellants upon the grounds that all of them were principals in the commission of the homicide.

2.  Where a witness for the state testifies in the state's case in chief to the effect that, during the fight in which

the deceased was killed by appellants, he was shot in the leg by one of the appellants, and the defense in making its case attempts to show that such witness was not shot, but that his leg was torn in getting through a wire fence, it is proper for the state on rebuttal to exhibit the scar or wound on the leg to the jury to enable the jury to determine whether the wound was made by barbed wire or a bullet.

3. Where the only objection interposed to a question is that it is incompetent, irrevelant, and immaterial, it is not error to overrule the objection, as it is the duty of counsel to specifically point out why such question is incompetent, irrelevant, and immaterial.

4. It is a matter entirely within the discretion of the trial court as to what facts shall be permitted to go to the jury in rebuttal, and this discretion will not be disturbed except for gross abuse.

5. Where the introductory part of the · indictment part of the indictment shows the style of the court, the name of the county and state, the time and place of meeting of the court, the names of the parties, and is followed by a statement that the grand jurors of Taos County, State of New Mexico, taken ·from the body of good and lawful men of the county of Taos aforesaid, duly selected, sworn and charged at the term aforesaid, etc., it is sufficiently made to appear that the indictment was found by a legal grand jury when the record shows that the indictment was returned in open court by such jury.

6. An objection that the grand jury was not lawfully constituted must be raised either by a motion to quash the indictment, or by a plea in abatement, and after the verdict it is too late to raise this objection.

7. Where the record shows "Be it further remembered that on the 5th day of June, 1918, at the court and term aforesaid there was filed an indictment, endorsed, to-wit: "and this is followed by the title of the case, and "A true bill, Thos. Jenkins Foreman of the Grand Jury," this by the names of the witnesses, and "Filed, June 5, 1918, Lauriano Mares, County Clerk," and this recital is followed by the indictment itself signed by the district attorney, these facts are sufficient to justify the presumption in the absence of a showing to the contrary, that the indictment was duly returned in open court, notwithstanding the fact that no entry was made on the minutes of journal of the court.

Appeal from District Court, Taos County; Ryan, Judge.

Benjamin Trujillo, and others, were convicted of murder in the second degree, and they appeal. Affirmed.

A. B. Renehan, and Carl H. Gilbert, both of Santa
Fe, for appellants.

H. S. Bowman, Atty. Gen., for the State.

### OPINION OF THE COURT

ROBERTS, C. J.   The three appellants, Benjamin
Trujillo, Virgilio Trujillo and Lucario Fresquez, to-
gether with the two defendants, Pedro Mondragon and
Max Vigil, were all indicted at the June, 1918, term of
the district court of Taos county, for the murder of
Jose C. Fresquez.   The case was not tried until the
June, 1919, term of the said court, before which time
Pedro Mondragon and Max Vigil died.   The trial re-
sulted in a verdict of murder in the second degree
against the three appellants above named.   From the
judgment of the court sentencing the appellants to
the penitentiary, they appealed.

The first point relied upon for a reversal is that
there was no substantial evidence in the record to sus-
tain a conviction of the three appellant's for the crime
of murder in the second degree, and espcially as to the
two appellants Lucario Fresquez and Virgilio Trujillo.
The facts established at the trial, if the evidence for
the state is to be believed, were substantially as fol-
lows:

[1]   On the evening of the 23d day of February,
1918, at the home of Ramon Sanchez, near the village
of Llano, in the county of Taos, a meeting was held,
which was attended by the five defendants named in
the indictment, and the deceased, together with many
others.   The five defendants left the meeting about
11:30 p. m. of the said day, and were followed by the
deceased and Venceslado Fresquez, Candido Fresquez,
and Jose Severino Muniz.   The defendants, mounted
on horses, proceeded to a small bridge across a ditch
about a mile and a half from where the meeting was
held, where they were met by the deceased and his
party, and, all of the defendants having crossed the
bridge, the deceased and his party started to cross and

the deceased was across the bridge, and some of his companions, when a fight ensued, resulting in the death of Jose C. Fresquez and the wounding in the leg. of Venceslado Fresquez. The three members of the deceased's party testified that as they were crossing the bridge the five in the party of the appellant dismounted and one of them struck at the deceased, pulled a pistol and shot two or three times, killing deceased; that the other three in the deceased's party hastily retreated and that bullets were fired at them, resulting in the wounding of Venceslado Fresquez. The action of the appellants and those in their party was preceded by a vile epithet applied by one of their number to the party and the deceased.

The defendants' testimony was to the effect that the deceased had called some of those in the party of appellants a vile name just as he crossed the bridge, drew a pistol and fired one shot, at which all of those in the party of appellants dismounted, and one of their number grappled with the deceased, attempted to take the pistol from him that he had fired, and in the course of the struggle two other shots were fired; that he finally succeeded in wresting the pistol from the hands of the deceased, and that just as he did so the fourth shot was fired. There were three bullet wounds in the body of the deceased; one in the cheek just a little below and in front of the ear, one in the back of the head, and one in the middle of the back between the kidneys.

Venceslado Fresquez, a member of the deceased's party, testified that Virgilio Trujillo jumped upon and struck the deceased and then shot him; that some other members of the party then grappled with the witness and held him until he broke away from them and ran; than these members of the party also struck at him several times.

Jose Severino Muniz testified that all of the defendants surrounded the deceased during the affray, and that one of the defendants, but he could not say which one, fired the shot which killed the deceased.

This testimony is sufficient, if believed by the jury, to show a concerted act or plan to act together sufficient to sustain the conviction of the appellants upon the ground that all of them were principals in the act resulting in the homicide, and amply sustained the verdict of the jury.

It is insisted that the court erred in sustaining the state's objection to the question asked the witness Venceslado Fresquez as to whether he had not pleaded guilty to a charge of assault with a deadly weapon. Counsel for the appellants states that the court rejected the testimony of the witness that he had pleaded guilty to an indictment charging him with assault with a deadly weapon in a case having no connection with the one at bar. The record, however, does not bear out the assertion. It shows that in the cross-examination of this witness he was asked if he had been convicted of a felony at the last term of court, and replied in the affirmative. He was then asked if he had ever been punished for the crime, and his answer was again in the affirmative. When asked what the punishment was, he answered that his indictment was passed, and then, when asked if he had paid any fine, objection was interposed by the state and sustained to that question only. The facts that the witness had been indicted and pleaded guilty to the indictment and had been punished had all been permitted to go to the jury. Counsel for appellants in their brief cite several cases to sustain their contention that it was proper cross-examination to interrogate the witness regarding any acts of misconduct during his past life. This is well sustained by the authorities, which will be found collected in the case of State v. Perkins, 21 N. M. 144, 153 Pac. 258, but the record shows there was no denial of this right; consequently there was no error committed.

[2]. The third error assigned is that the court permitted the witness Fresquez to exhibit his wounded leg to the jury, and in permitting the state to introduce evidence concerning the same. The witness, Venceslado Fresquez, testified in the case in chief that he had been

shot in the leg during the affray. Appellants contend that they admit that shots were fired and did not deny that Fresquez had been hit; that thereafter the state in rebuttal over objection permitted Fresquez to exhibit his wounded leg to the jury. Counsel evidently overlooked the fact that the attorney for the defendants undertook to show that the wound in the leg of the witness had been inflicted by reason of the witness having impaled himself on a barbed wire fence in his attempt to escape from the vicinity where the shot was fired. In view of the attempt on the part of the appellants to show that the witness had not been wounded by a bullet in the leg, the exhibition of the wound to the jury was proper to show that is was a bullet wound. This evidence was designed to meet and refute the attempt on the part of the appellants to show that a shot had not been fired at the witness during the affray which had struck him, and it was certainly competent to exhibit the wound or scar to the jury to enable them to determine whether it had been made by a tear by barbed wire, or by a bullet.

[3] It is further to be noted that the only objection to the testimony was, first, that it was not proper rebuttal, and, second, that it was incompetent, irrelevant, and immaterial. No reasons were given by counsel as to why it was incompetent, irrelevant, and immaterial, and, even if the objection to the same might have been proper, it was not error to overrule the objection because of the failure of counsel to state his reasons. 3 C. J. 818; McKenzie v. King, 14 N. M. 375, 93 Pac. 703.

[4] As to the objection on the ground that is was not proper rebuttal, the courts have held that what shall be permitted to go to the jury as rebuttal testimony is a matter entirely within the discretion of the trial court, and this discretion will not be disturbed except for gross abuse. 1 Chamberlayne on Evidence, § 379; State v. Carabajal, 26 N. M. 384, 193 Pac. 406, 17A. L. R. 1098.

The appellants, after a verdict, filed a motion in

arrest of judgment based upon the ground that the indictment was not found by a lawful grand jury. This motion was predicated upon the fact that the record did not show the organization of the grand jury. The transcript does not state in so many words that the grand jury was impaneled, but there is sufficient in the transcript to show that the grand jury was legally impaneled. The report of the grand jury to the court begins with the words, ''The grand jury duly impaneled, charged, and sworn at the term aforesaid.'' Later in the report is it shown that they returned nine true bills, and this is followed by the case entitled State of New Mexico v. Appellants. The indictment, as it is set out in the transcript, shows that it was filed in court on the 5th day of June, 1915, and it begins:

"The grand jury for the state of New Mexico, taken from the body of the good and lawful men of the county of Taos aforesaid, duly selected, impaneled, sworn and charged at the term aforesaid to inquire," etc.

The authorities establish the proposition that, where the introductory part of an indictment shows the style of the court, the name of the county and state, the time and place of meeting of the court, the names of the parties, and is followed by a statement that the grand jurors of Taos county, state of New Mexico, taken from the body of the good and lawful men of the county of Taos, aforesaid, duly selected, impaneled, sworn and charged at the term aforesaid, etc., it sufficiently appears that the indictment was found by a legal grand jury when the record shows that the indictment was returned in open court by such jury. See Bailey v. State, 39 Ind. 438; Powers v. State, 87 Ind. 145; Stout v. State, 93 Ind. 150, and cases cited in the cases referred to. In Joyce on Indictments, § 68, the author says:

"But where it does not affirmatively appear that the grand jury is an unlawful body, any irregularity in selecting and impaneling it should in general be raised before plea, by challenging the array, and not by a motion in arrest of judgment. And where the record shows that the grand jury is organized under the supervision of the court

and nothing affirmatively appears thereon, to the contrary, it will be presumed that the grand jury was legally organized. The burden of showing irregularities in the organization of a grand jury rests upon the defendant, and the state is not required in the first instance to establish a compliance with the law."

See, also, Easterling v. State. 35 Miss. 210.

But there is another reason why this objection is not available to appellants, and that is that appellants did not raise the objection to the constitution of the grand jury until after the verdict. An objection that the grand jury was not lawfully constituted must be raised by either a motion to quash the indictment, or by a plea in abatement, and after verdict it is too late to raise this objection; Bish New Crim. Proc. §§ 822 to 887, inclusive. See, also, Straughan v. State, 16 Ark. 37; State v. Ostrander, 18 Iowa 435; People v. Hidden, 32 Cal. 445.

Appellants last contention is that the record fails to show that the indictment upon which the appellants were tried was returned in open court, and it is urged that the record must affirmatively show this fact. In our judgment the transcript of the record sufficiently shows that the indictment was returned in open court. The record shows "Be it further remembered that on the 5th day of June, 1918, at the court and term aforesaid there was filed an indictment, indorsed, to wit," and this is followed by the title of the case and "A true bill. Thos. Jenkins, Foreman of the Grand Jury," this by the names of the witnesses, and "Filed June 5, 1918. Laureano Mares, County Clerk," and this recital is followed by the indictment itself, signed by the district attorney. It has been repeatedly held that the foregoing facts are sufficient to justify the presumption, in the absence of a showing to the contrary, that the indictment was duly returned in open court, notwithstanding the fact that no entry was made on the minutes or journal of the court.

In the case of State v. Crilly, 69 Kan. 802, 77 Pac. 701, the court held that where an indictment recites

that it presented by the grand jury and is properly signed by the prosecuting attorney, indorsed a true bill by the foreman, and filed by the clerk, it will be presumed, in the absence of a showing to the contrary, that it was duly returned in open court, notwithstanding no entry of the fact was made upon the minutes or journals of the court. See also to the same effect People v. Lee, 2 Utah, 441; Miller v. State, 40 Ark 488; State v. Onnmacht, 10 La. Ann. 198; State v. Beebe, 17 Minn. 241 (Gil. 218); State v. Lord, 118 Mo. 1, 23 S. W. 764; State v. Weaver, 104 N. C. 758, 10 S. E. 486. The authorities on the proposition will be found collected in a note to the case of Renegar v. U. S., 26 L. R. A. (N. S.) 683. The cases to the contrary are, in our judgment, ultra technical, and should not be followed.

From the foregoing it follows that the record sufficiently showed that the indictment was returned in open court.

Finding no error in the record, the judgment will be affirmed; and it is so ordered.

RAYNOLDS and PARKER, JJ., concur.

On Motion for Rehearing.

PARKER, C. J. On June 25, 1921, we handed down an opinion affirming the judgment in this case. In that opinion we held that, while the record was technically defective in failing to show clearly and affirmatively that the indictment was returned in open court by the grand jury, and that the grand jury had been duly selected, impaneled, sworn, and charged, there was sufficient in the record to justify the presumption that such was the case, and we refused to reverse the case on these grounds. A motion for rehearing was filed, and is still pending. In the meantime, upon application of the state, the record in the court below has been amended, so as to clearly and affirmatively show that the indictment was returned in open court by the grand jury, and that the grand jury was duly selected, impaneled, sworn and charged.

This situation renders unnecessary the discussion in the opinion relating to this subject, and that portion of the opinion will be withdrawn. The opinion otherwise, discussing other features of the case, is entirely satisfactory, and will be adhered to. It follows that the motion for rehearing should be denied; and

It is so ordered.

BRATTON and BOTTS, JJ., concur.