12 P.(2d) 849

**STATE v. LEWIS et al.**

No. 3677.

Supreme Court of New Mexico.

May 2, 1932.

Rehearing Denied July 16, 1932.

A. T. Hannett and Geo. R. Craig, both of Albuquerque, for appellants.

E. K. Neumann, Atty. Gen., and Quincy D. Adams, Asst. Atty. Gen., for the State.

WATSON, J.

Appellants were convicted of an attempt by operation to procure an abortion. 1929 Comp. St. § 35-309. The statute appears in full in the opinion in State v. Grissom, 35 N. M. 323, 298 P. 666.

As bearing upon the question of intent, another woman was permitted to testify to an operation performed on her by appellant Lewis. The occurrence was nearly two years prior to that in question, and resulted in a miscarriage. The reception of this evidence is principally relied upon for reversal.

Appellants here contend that there was no such question of intent in the case as called for or warranted evidence of an independent offense. The use of instruments, just about as the state's witness testified, was admitted by appellant Lewis. He claimed, however, that his use of the instrument was merely in making an examination; that he performed no operation at all; that the examination disclosed that the patient already had lacerations about the womb, no doubt from a previous attempt at abortion, and was about to miscarry.

The issue of fact might thus be stated: Did appellant Lewis perform an operation, or did he make an examination? Counsel for appellants see in this merely a difference as to what was done. The state considers it a difference as to what was intended. We think that appellants' present position is not now open to them, because of lack of proper and timely objection.

The objection that this evidence was incompetent, irrelevant, and immaterial was too general. State v. Trujillo, 30 N. M. 102, 227 P. 759.

That the evidence was prejudicial was no reason to exclude it, if competent and probative. State v. Bassett, 26 N. M. 476, 194 P. 867.

Two specific objections were made. The first was that the circumstance was too remote. That is not here urged as a ground for reversal, and so may be dismissed.

The second of the specific objections was that the proper foundation had not been laid. In explanation of that objection counsel said: "The statute provides when abortions are legal and when they are illegal." The court then brought out from the witness that there had been no consultation of physicians. The learned trial judge evidently understood counsel's objection and explanation to mean that an operation, lawful under the statute, would not be competent evidence. No other meaning has been suggested or occurs to us.

Certainly there was no specific objection that intent was not involved, and that evidence of similar offenses was inadmissible.

■ The objection here relied on was first made at the close of the state's case, as a ground upon which appellants moved for a mistrial. There was no motion to strike. Had there been, or if the motion for a mistrial could be treated as a motion to strike, it was too late, and, the matter being discretionary, there is no reversible error. State v. Ward, 30 N. M. 111, 228 P. 180, and cases cited.

■ Appellants demurred to the information on the ground that it failed to negative that the act culminated in the death of the patient. They say that, if they had wished to plead guilty, they would not have known which section of the statute was invoked, or which of the prescribed penalties was applicable, and that the court, in passing sentence, would have been in the same situation. We find no merit in the objection or the argument. Clearly this information is under the first section. Evidence of the woman's death could not have been received, and any judgment based on such evidence would have been erroneous.

■ Point is made of a refusal to instruct that, if the abortion was produced by self-administered drugs, appellants should be found not guilty. The tendered instruction was clearly erroneous. No actual abortion was essential to the conviction. The offense was completed by the attempt to produce it.

■ Appellant Lewis, on cross-examination, denied that he used a dilator, and claimed that he used a speculum. The district attorney produced a surgical instrument, and, over objection, inquired whether it was the one or the other. We find no error in this. Nor do we see how anything said in State v. Grissom, supra, cited by counsel, aids their contention.

The judgment will be affirmed. It is so ordered.

BICKLEY, C. J., and PARKER and SADLER, JJ., concur.

HUDSPETH, J. (dissenting).

I dissent. Appellants stated their third point, upon which they relied for reversal, as follows:

"The trial court erred in admitting the testimony of Victoria Sisneros, for the following reasons: * * *

"(i) Because the trial court erred in admitting the testimony of the witness Victoria Sisneros as to the commission of other and former crimes for the reason that said crimes, if committed, were too remote to prove any of the issues or any of the acts charged in said Indictment."

And in their argument they said:

"The appellants will argue the subdivisions of Point No. III, a, b, c, d, e, f, g, h and i as a whole: * * *

"The State introduced, over the objection of the appellants, the testimony of Victoria Sisneros to the effect that two years previous

to the time that the alleged crime of the appellants was committed, appellant Lewis performed an operation on the witness Victoria Sisneros in an attempt to produce an abortion (Tr. of Rec. p. 85, 86, 87, and 88) on the theory that it was admissible for the purpose of showing intent."

It is true that appellants' main argument was directed to the question of intent, but I believe that they dwelt upon the question of remoteness sufficiently to invoke a ruling of this court on that point.

This witness was permitted to testify, over general objections, that one of the appellants operated upon her nearly two years before for the purpose of producing an abortion, that at the time she was less than sixteen years of age, and that she had never recovered from the effect of the operation, and that she had brought into court a surgical instrument which the appellant used in the operation and left at the home of her mother. This speculum was exhibited to the jury in the cross-examination of the appellants. That this evidence was highly prejudicial is entirely obvious, and, in my opinion, clearly incompetent in any aspect of the case. There was no evidence of system or other crimes during the intervening two years. Upon objection being made to the testimony of this witness, the prosecuting attorney stated the substance of the offered testimony, and the general objection raised the issue as to whether the evidence of the other abortion was admissible.

The rule is stated in 3 C. J. 818, cited by Mr. Chief Justice Roberts in State v. Trujillo, 30 N. M. 102, 227 P. 759, as follows: "Specifying Grounds of Objection. It is also a well settled rule that, unless the objection could not have been obviated or the evidence was clearly incompetent in any aspect of the case, an objection to the admission of evidence must, to be considered on appeal, specifically state the ground or grounds on which it is claimed to be inadmissible, a general objection, as that it is incompetent, irrelevant, immaterial, etc., being insufficient; and that other grounds than those specified cannot be urged in the appellate court."

I am persuaded that the learned trial judge had sufficient notice of the issue raised, since, in his comment later in overruling the motion, he made no mention of defects in the objection, but clearly stated that in his opinion the evidence of this witness was admissible to show intent—a ruling supported by authority, but with which I am unable to concur.