H. W. HORTON, Respondent, v. ST. LOUIS, IRON MOUN-
TAIN & SOUTHERN RAILWAY COMPANY, Appellant.

**St. Louis Court of Appeals, February 23, 1886.**

1. AMENDMENTS—JUSTICES—APPEALS—PRACTICE.—After an appeal has
   been taken, from a justice, and the papers filed with the circuit
   court, the justice can not make an amendment or alteration therein
   without the consent of the parties and under the direction of the
   circuit court.

2. ——— If defects or omissions appear in the papers filed by a justice
   of the peace on appeal to the circuit court, the remedy is by rule
   and attachment against the justice.

APPEAL from the St. Francois County Circuit Court,
JAMES D. FOX, Judge.

*Affirmed.*

HENRY G. HERBEL, for the appellant.

WILLIAM R. TAYLOR, for the respondent.

LEWIS, P. J., delivered the opinion of the court.

The plaintiff sued before a justice of the peace for the
killing of his cow by one of the trains of the defendant.
On April 17, 1882, a judgment by default was rendered
against the defendant. On April 22, the justice filed
with the clerk of the circuit court his certified transcript
of the proceedings before him, in which nothing was said
about the filing of a motion to set aside the default, the
filing of an affidavit and bond for an appeal, or the grant-
ing of an appeal. In the circuit court, on August 10,

1885, the plaintiff moved for a dismissal of the appeal, on account of these omissions. While this motion was pending, the defendant applied for and obtained a rule on the successor in office of the justice who had rendered the judgment, to send up the missing papers. The officer, by consent of the parties, made an oral return to the effect that the papers could not be found in his office. The court thereupon offered to give the defendant's counsel time to supply the motion to set aside the default, "and," says the bill of exceptions, "he refused and declined to do so." The court afterwards took up the plaintiff's motion to dismiss, whereupon the defendant offered in evidence a certificate from the justice, who rendered the original judgment, to the following effect: "I hereby certify that judgment was rendered herein by default on the seventeenth day of April, 1882, for fifty dollars and costs; that the defendant filed its motion for a new trial on the twentieth day of April, 1882, which was by me overruled, and that the defendant this day presented its bond and affidavit, which were by me approved, and an appeal granted, this the twentieth day of April, 1882. A. J. McCoy, justice of the peace." It will be observed that this certificate bears date before the filing of the justice's transcript with the clerk. The court admitted the certificate against the plaintiff's objection, and then sustained the plaintiff's motion to dismiss the appeal.

We find in these proceedings no ground for a reversal. The supplementary certificate given by the justice was not authorized by law, and had no efficacy for any purpose. After a justice has certified and returned his transcript on an appeal, he can make no amendments or alterations of his own motion, or without consent of the parties, and under the direction of the court to which the appeal is taken. *Norton v. Porter*, 63 Mo. 345. Still less is it to be tolerated that he may, by a separate official paper, falsify his solemn certificate appended to the transcript, declaring that the same is

"a complete transcript of all the proceedings had before me in the above entitled cause," etc. If omissions or defects appear, the statutes provide a remedy. Rev. Stat. sect. 3048. Upon an appeal being made and allowed, the court may, by rule and attachment, compel a return by the justice of his proceedings in the suit, and of the papers required to be by him returned. Sect. 3049. Whenever the court is satisfied that the return of the justice is substantially erroneous or defective, the court may, by rule and attachment, compel him to amend the same. It does not appear that the defendant ever attempted properly to put this machinery in motion, and the court could not do otherwise than dismiss an appeal which brought to it none of the essentials of appellate jurisdiction.

The judgment is affirmed, with the concurrence of all the judges.