HENRY HILL *et al.*, Respondents, v. J. A. PATTERSON *et al.*, Appellants.

### St. Louis Court of Appeals, February 5, 1889.

Practice, Trial: RULE ON JUSTICE. A motion in the circuit court, accompanied by a proper showing of facts, for a rule on a justice of the peace to amend his return in a matter of form, may be made during the term, and as well after the judgment as before. When such an application is made during the trial, and the court responds that the motion may be made after judgment, this amounts to leave granted for a renewal of the motion after the judgment.

*Appeal from the St. Louis City Circuit Court.*—HON. GEORGE W. LUBKE, Judge.

REVERSED AND REMANDED.

*Christian & Wind*, for the appellants.

The trial court thought as the bond read the appeal was taken by L. Hallock for himself and his co-defendants, that if the judgment was affirmed as to any of the defendants, the judgment must be against the bondsmen. To sustain that view the words "for himself and his co-defendants" must be the controlling words of the

bond, and as the bond and affidavit must be construed together, to say nothing of the intention of the appellant, it seems to us that such a construction is very narrow. We think the words are mere surplusages and mean nothing. *Barnell v. Williams*, 4 Dev. [N. C.] 269. In giving a construction to a bond, especially one written by an officer, who is required to write such bonds, as is the case under the statute (R. S., sec. 4044), it will be construed liberally and so as to get at the intent of the parties. Plaintiffs don't ask for a personal judgment, but a lien against Hallock's property. The affidavit of defendants shows beyond question that Hallock only intended to appeal for the owners of the property on which a lien is sought. *Whitsett v. Wormack*, 8 Ala, 481. The court may depart from the letter of the condition of the bond to carry into effect the intention of the parties." Applying these rules, we look at the affidavit of Hallock, made for himself; no pretenses that it was made for any one else. The bond follows as the next step. Take the two together and it is plain that it was not intended to appeal for Patterson. We claim that no one can be bound as security for a principal, unless the principal himself is bound. *Sharp v. U. S.*, 4 Watts [Penn.] 21; *Wood v. Washburn*, 2 Pick. [Mass.] 24; *Bean v. Parker*, 17 Mass. 591. We have endeavored so far to prove that, under the construction given the bond by the trial court, and by the theory advanced by respondent, that the judgment cannot be sustained. But we claim the whole theory is wrong, and the affidavit and bond are so plain that they need no construction. It will not be seriously contended that one defendant cannot alone appeal. *Orton v. Sherlock*, 61 Mo. 257.

*James M. Loring*, for the respondents.

(1) All the ten defendants were personally served in the three cases, and property brought before E. B.

Cronin, justice. (2) On change of venue taken by the defendant Hallock, case was sent to Jno. G. Manning; plaintiffs entered their appearance. There was a trial, with judgment against B. C. Patterson, to be a lien on the real estate. (3) Defendant Hallock appealed for himself and all co-defendants, and the whole case for all the defendants was taken to the circuit court. (4) B. C. Patterson, one co-defendant, was properly before the circuit court, and that court had competent authority to render a personal judgment against him and the sureties, Hallock and Stewart, upon the appeal bond. (5) After the trial commenced it was too late to ask for a rule in the justice's court to amend his return or papers filed in the case. (6) The showing made by Hallock and Stewart was not sufficient to entitle them to such an amendment. (7) Had they made a sufficient showing at the right time, the circuit court has no authority or power to compel a justice of the peace to alter or change a bond obligatory, signed by other parties, to diminish the right of plaintiffs' appellees, Hill & Mukish. "An appeal which brings up for review questions of fact only, will not be considered as having merit, and the judgment should be affirmed with ten per cent. damages." *Osborne v. Oliver*, 23 Mo. App. 667. In this case the question made by Hallock and Stewart is whether they appealed for Hallock and all co-defendants, or Hallock and certain co-defendants. This was a question of fact and was determined adversely to them by the circuit court. "There is no merit in this appeal, and the inference is it was taken for delay and should be affirmed with damages." *Schureman v. Boiler Co.*, 19 Mo. App. 534.

THOMPSON, J., delivered the opinion of the court.

This action was brought before a justice of the peace, against Benjamin C. Patterson, J. A. Patterson and George N. Truesdale, original contractors, to

recover a judgment against them for certain work done upon a house for the building of which they were contractors; and, also, against E. V. P. Ritter, Charles H. Schureman, Thomas H. Haggerty, Leander Hallock and Alfred S. Ferguson, as owners of said house, to enforce a mechanic's lien against the same and the lot on which it is situated. When the cause was called for trial before the justice, the plaintiffs appeared and dismissed as to the defendant George N. Truesdale, and, the other defendants not appearing, judgment was rendered by default after hearing the evidence, against the defendant Ben. C. Patterson, as contractor, in the sum of $117.40. The ·justice further adjudged that the plaintiffs had perfected their lien upon the property described in the statement of the defendants, E. V. P. Ritter, Charles H. Schureman, Leander Hallock, Thomas H. Haggerty and Alfred S. Ferguson. Thereafter, according to the justice's transcript,—"comes the defendant Leander Hallock, *for himself and co-defendants*, and gives notice of an appeal, and on the same day files his affidavit and appeal bond with David H. Stewart as security." The affidavit for appeal recites in its title the names of all the defendants, except Truesdale, and in its stating part pursues the usual form. The appeal bond is as follows : "We, the undersigned Leander Hallock, for himself and co-defendants as principals, and David H. Stewart, as security, acknowledge ourselves indebted to Henry Hill and Joseph Mukish, composing the firm of Hill & Mukish, in the sum of three hundred dollars, to be void upon this condition : Whereas, Leander Hallock has appealed from the judgment of John G. Manning, a justice of the peace of the ninth district of the city of St. Louis, in an action between Henry Hill and Joseph C. Mukish, composing the firm of Hill & Mukish, plaintiffs, and J. A. Patterson, *et al.*, defendants :—now, if on such appeal, the judgment of the justice of the peace be

affirmed, or if, on the trial anew, in the circuit court, city of St. Louis, Mo., judgment be given against the appellant, that they shall satisfy such judgment, or if their appeal shall be dismissed and they shall pay the judgment of the justice, together with the costs of appeal, the recognizance shall be void.

"L. HALLOCK, [Seal]
"DAVID H. STEWART, [Seal]"

When the cause came on for trial, the plaintiffs appeared by counsel, and the defendants, E. V. P. Ritter, Charles H. Schureman, Thomas H. Haggerty and Leander Hallock also appeared by counsel. The petition was read, and the plaintiffs called a witness; whereupon the defendants by their counsel objected to the introduction of any evidence tending to establish a lien upon the property described in the plaintiff's petition, for the reason that such petition does not contain such a statement of the account as to entitle plaintiffs to a lien, which objection the court sustained, and the plaintiffs excepted. The following *colloquium* then took place: —

"*The court*: "You may now proceed against Patterson and against Hallock and his surety on the appeal bond."

*Defendants' counsel*: "We object to that, as the plaintiffs in their petition do not demand a personal judgment against our clients; and the court having sustained our defense as to the lien, the appeal has been successful."

*The court* (after examining the papers): "I hold that an appeal has been taken in behalf of all the defendants, by Leander Hallock, and that if a demand can be established against any of the defendants, the judgment should be for the debt against such defendant and the surety on the appeal bond."

*Mr. Christian* (of counsel for the defendants above named): "It was not the intention of Mr. Hallock to

appeal for any one except those charged with being the owners of the property ; and, if the bond actually made out by the justice is capable of the construction placed on it by the court, we ask for an order on the justice requiring him to show cause why his return should not be amended in accordance with the facts.

*The court* : " That motion can be made after judgment as well as now."

The plaintiffs thereupon introduced evidence tending to prove their demand as set forth in their complaint. The plaintiff also offered the mechanic's lien papers in evidence, which were excluded by the court. The defendants offered no testimony.

Thereupon the court proceeded to render a judgment, which, after setting forth the names of all the parties in the caption, except the defendant Truesdale, ran thus : " Now at this day this cause being called for hearing, come the plaintiffs by attorney, and come the defendants, E. V. P. Ritter, Charles H. Schureman, Thomas H. Haggerty, Leander Hallock and Alfred S. Ferguson, by their attorneys ; but the defendants, J. A. Patterson and Ben. C. Patterson, though called, failed to appear. Thereupon, jury being waived, the trial of this cause progressed, and, being terminated, is submitted to the court upon the evidence adduced ; and the court having weighed and considered the same, and being now fully advised of and concerning the premises, doth find for the defendant J. A. Patterson, and against the plaintiffs. Wherefore it is considered by the court that said defendant J. A. Patterson go hence without day and recover of plaintiff his costs and charges herein and have therefor execution. And the court doth further find for the defendants, E. V. P. Ritter, Charles H. Schureman, Thomas H. Haggerty, Leander Hallock and Alfred S. Ferguson, as to the mechanic's lien by plaintiffs claimed. Wherefore it is considered by the court that the said defendants, last named, go hence without day and recover of plaintiffs their costs and charges

herein, and have therefor execution. And the court further finds in favor of the plaintiff and against defendant Ben. C. Patterson, and doth assess plaintiff's damages at the sum of one hundred and eighteen dollars and twenty-five cents. . Wherefore it is now considered by the court that the plaintiffs do recover of the said defendant Ben. C. Patterson, and of Leander Hallock and David H. Stewart, sureties upon the appeal bond, the damages aforesaid assessed and his costs and charges herein expended, and have therefor execution.''

A motion for new trial, filed in time, set up, among other things, that the judgment should have been in favor of Hallock and Stewart; and set up as facts that the return or transcript of the justice was erroneous in that it stated that Hallock appealed for himself and co-defendants, when in truth and in fact he appealed only for himself and his co-defendants, who were charged with being the owners of the property sought to be charged with a lien ; that the justice did not make out the appeal bond and affidavit for appeal in accordance with the instructions of Hallock ; that the justice was requested to make out the affidavit and recognizance by Hallock for himself and his co-defendants, Ritter, Schureman and Haggerty, but, in ignorance of the law, made out said papers and return, as filed in the circuit court; and that neither of these defendants nor their counsel were aware that the transcript of the justice and bond recited that Hallock had appealed "for himself and co-defendants," until plaintiffs' counsel announced that he claimed, and the court ruled, that plaintiffs were entitled to a judgment on the appeal bond, because of the recitals therein. Accompanying the motion for a new trial, the defendant Hallock and Stewart, the surety on the appeal bond, filed a motion for a citation upon the justice to amend his return and the papers, in accordance with the facts as said defendants thus claimed them to be. This motion was supported by an affidavit which, when analyzed, shows the

following facts : (1) That Hallock was not authorized by the defendant B. C. Patterson to appeal for him. (2) That he had no intention of appealing for him. (3) That he notified the justice of the peace of his desire to take an appeal on behalf of such of the defendants as were charged as owners of the property, and requested the justice to make out the affidavit and recognizance for the appeal. (4) That he and Stewart, the surety, signed and delivered the appeal bond, believing it to be made out in accordance with his instructions to the justice. This affidavit is supported by an affidavit of one of the counsel of the defendants who were owners of the property, showing : (1) That the counsel of these defendants did not appear at all in the cause before the justice. (2) That they did not represent either of the three defendants who were proceeded against as contractors. (3) That the counsel making, this affidavit was not present when the affidavit for appeal and appeal bond were made out, and never saw or examined them until the trial in the circuit court. (4) That the affiant counsel gave Hallock instructions and directions about taking the appeal, telling him that the justice could and would write out the bond and affidavit for him. (5) That Hallock reported to the affiant counsel that he had given the instructions to the justice, and that the appeal had been taken in accordance with the instructions so given.

The motions for a new trial, and for a rule on the justice, were overruled and exceptions were saved.

The members of this court are not in accord in their views as to whether, assuming the justice's return to be correct, the court erred in entering judgment against Hallock and Stewart ; and the court therefore desired counsel to present their views in writing upon the question of the propriety of the ruling of the circuit court in refusing the rule upon the justice to amend his

return. The statute governing this question recites : "Whenever the court is satisfied that the return of the justice is substantially erroneous or defective, the court may, by rule and attachment, compel him to amend the same." R. S., sec. 3049. The manner in which such amendments are to be made has been pointed out by the supreme court in *Smith v. Chapman,* 71 Mo. 217 ; but we are not aware of any decision in this state expounding the statute in respect of the *time* or *stage of the proceedings* in the circuit court at which the application for such a rule may be made. It is now argued, on behalf of the plaintiffs, that an application for such a rule comes too late after judgment in the circuit court. But this is obviously a mistaken view ; since the statute touching the practice in the circuit courts contains the following provision : "All returns made by any sheriff, or other officer, or by any court or subordinate tribunal, to any court, may be amended, in matters of form, by the court to which returns shall be made, in its discretion, as well before as after judgment." R. S., sec. 3580. Under this statute it has been ruled that a sheriff's return may be amended at any time during the pendency of the suit, and that it may be amended after the judgment has been rendered, on a proper state of facts, in support of the judgment. We know of no reason why, under this statute, a justice's return may not be amended at any time before the lapse of the term at which the trial has been had in the circuit court ; for until the lapse of the trial term the case remains in the breast of the judge. But if there could be any doubt upon this point, it would not apply to the present record ; because a rule on the justice to amend his return was applied for as soon as the defect was discovered, during the trial and before the judgment, and the court announced that the motion could be made as well after the judgment as before.

This was tantamount to leave, granted by the court before judgment, to renew the motion after judgment.

Nor have we any doubt that the amendment, which was sought to be effected by a rule upon the justice, was an amendment "in matter of form," within the meaning of section 3580, Revised Statutes.

Upon the facts disclosed by the affidavit, we are of opinion that the circuit court erred in refusing the rule upon the justice. The facts therein stated are not only not met by any counter-affidavits, but are in accord with all the probabilities surrounding the case. The property owners, advised that the lien was unlawful and would not be established against their property in the circuit court, could have no possible interest in prosecuting the appeal on behalf of the contractors, in assisting them in further contesting a demand which they themselves had not seen fit to contest before the justice, and especially in rendering themselves liable for any judgment which might be rendered against the contractors, by furnishing an appeal bond for them.

The judgment of the circuit court will be reversed and the cause remanded, with directions to that court, if the motion shall be renewed, to proceed under the statute, by rule and attachment, to require the justice to amend his transcript and also the appeal bond in accordance with the facts. It is so ordered. All the judges concur.