ELLIS STEVENSON, Respondent, v. STANDARD ADDING MACHINE COMPANY, Garnishee, Appellant.

St. Louis Court of Appeals, October 1, 1910.

1. JUSTICES' COURTS: Garnishment: Transcript on Appeal: Failure to Show Judgment in Main Case: Existence of Judgment May be Proved: Evidence. In a garnishment proceeding, instituted in a justice's court and appealed by the garnishee to the circuit court, the failure of the justice to insert in his transcript an entry showing that final judgment was rendered against the principal defendant before judgment was rendered against the garnishee, as required by section 3472, Revised Statutes 1899, was not a jurisdictional defect, and the court therefore properly refused to require the justice to send up a new transcript, under section 4068, Revised Statutes 1899, it being competent to show, as a matter of evidence, by the justice's docket entries in the main cause, that judgment was rendered therein against the defendant prior to the rendition of the judgment against the garnishee.

2. ———: Transcript on Appeal: Failure to Show Jurisdictional Facts: Rule on Justice. Where, on appeal from a justice's court, the transcript omits to disclose essential facts pertaining to the jurisdiction of the appellate court, a rule should go to compel the justice to amend his record, as provided by section 4068, Revised Statutes 1899, but when the defect in the transcript relates to a matter that is not jurisdictional the appellate court may exercise its discretion, and its judgment will not be reversed for refusing a rule, unless it manifestly abused such discretion.

3. GARNISHMENTS: Independent of Main Action: Right of Garnishee to Appeal. Though a garnishment proceeding is ancillary to the main case, the two proceedings are in a measure separate actions, and they are independent of each other to the extent that an appeal may be maintained by the gar-

nishee, though the judgment in the main action remains un-appealed from.

4. ———: ———: **Judgment in Main Action: Evidence.** The judgment against the defendant in the main action is not a part of the record proper in the controversy between the plaintiff and the garnishee, but is merely a matter of evidence which may be shown in the usual manner.

5. ———: **Indebtedness Attached.** Under section 3436, Revised Statutes 1899, the service of garnishment has the effect of attaching only money of defendant then in the hands of the garnishee or that may be owing by the garnishee to defendant between that time and the time of filing the garnishee's answer.

Appeal from St. Louis City Circuit Court.—*Hon. George H. Williams,* Judge.

Affirmed (*conditionally*).

*Selden P. Spencer* for appellant.

(1) The justice of the peace did not have jurisdiction to enter a judgment against the garnishee, until there was a final judgment entered against the defendant in the case. Section 3472, Revised Statutes 1899. (2) The record of a justice of the peace may always be corrected by a rule on the justice. Section 4068, Revised Statutes 1899; Norton v. Porter, 63 Mo. 345; Hill v. Patterson, 34 Mo. App. 169. (3) A transcript of a justice is wholly immaterial if it is incorrect, and it may be shown to be incorrect, and inasmuch as the only evidence thereof was the affidavit showing its incorrectness, the transcript should either have been disregarded or corrected. Nickey v. Lbr. Co., 75 Mo. App. 54. (4) If the justice of the peace had no jurisdiction to render a judgment against the garnishee, then the circuit court had no jurisdiction on appeal. Reinhardt v. Kempf, 72 Mo. App. 646; Brownfield v. Thompson, 96 Mo. App. 340. (5) The transcript of the judgment of the justice against the garnishee which was the foun-

dation of the case at bar, should have shown upon its face that a judgment had been rendered against the defendant in the main case, because on an appeal from the justice in a garnishment case, the jurisdiction of the justice should always appear from the papers, and unless the jurisdiction does appear from the papers, a judgment cannot be entered against the garnishee. Keane v. Bortholow, 4 Mo. App. 507. (6) The amount of the judgment ($100) is excessive. Section 3436, Revised Statutes 1899.

*L. C. Kingsland* for respondent.

(1) The matter of compelling a justice to amend. his transcript by rule, is one resting in the discretion of the trial court, and its action in such regard is subject to review, only in cases of manifest abuse. Ryder v. Roberts, 48 Mo. App. 132; section 4068, Revised Statutes 1899. (2) The finding on the facts by the trial court, when sitting as a jury, is conclusive on this court. Butler v. Bank, 143 Mo. 13; Smith v. Royse, 165 Mo. 654; Iron Co. v. Power Co., 109 Mo. App. 353.

NORTONI, J.—This is a garnishment proceeding. On issue made, judgment was given for plaintiff against the garnishee and from this judgment it appeals.

It appears the garnishment originated incident to an attachment suit instituted by the plaintiff herein against Edwin J. Gantz, defendant in the justice court. A proper service was had on Gantz, the defendant in attachment, but he failed to appear to the action and a judgment by default was given against him, from which judgment no appeal was prosecuted. The garnishee, having been summoned as the debtor of the defendant in the principal suit, made answer to the effect that it owed him nothing. This answer was properly denied and an issue made thereon in accordance with the statute. Upon a trial of this issue, the justice gave judg-

ment for plaintiff and the garnishee prosecuted an appeal to the circuit court. In making up the transcript of the cause to be filed in the circuit court on appeal, it appears the justice omitted to incorporate therein the judgment against defendant Gantz in the principal action. The transcript which was lodged in the circuit court contains a recital of all things material to the issue between the plaintiff and the garnishee. Among other things, it shows a final judgment was given by the justice against the garnishee and proper entries appear allowing and perfecting its appeal to the circuit court.

Upon the opening of the trial in the circuit court, plaintiff introduced in evidence a transcript of the proceeding and judgment in the main or principal action by attachment by this plaintiff against the defendant Gantz. This transcript, duly certified by the justice before whom the cause was tried, shows the suit to have been instituted in attachment, and all matters essential thereto, and further discloses a judgment against the defendant therein in favor of the plaintiff. The garnishee objected to the introduction of this transcript in evidence and in connection therewith moved the circuit court for a rule on the justice of the peace to certify up a true transcript of all proceedings had before him touching both the principal action and the garnishment. In support of this motion an affidavit was filed to the effect that several days after the suit was tried before the justice his docket was examined and no judgment against the defendant in attachment then appeared therein. Our statute on garnishment provides:

"No final judgment shall be rendered against a garnishee until there shall be final judgment against the defendant." [Section 3472, Revised Statutes 1899, section 3472, An. St. 1906.]

Because of this statutory requirement and of the omission of the justice's transcript, originally filed on appeal, to recite a judgment against the defendant in attachment, the garnishee insisted on his right to

a rule on the justice for an amended transcript. The court declined to make an order upon the justice, proceeded with the case as though the transcript then on file was sufficient and permitted plaintiff to prove the fact that a judgment had been entered against defendant in attachment in the main action by the certified copy of the proceedings of the justice in that be-half.

The argument of the garnishee does not go to the competency of the transcript introduced for the purpose of proving the judgment against the defendant in the main action was given before that against the garnishee, but is to the effect that at all events it was entitled under the statutes to a rule on the justice to send up a more perfect transcript to the end of conferring jurisdiction on the circuit court to proceed. Touching this matter, it is argued that the original transcript filed in the circumstances with the appeal was wholly insufficient and that it may not be supplied by any subsequent transcript furnished by the justice without an order of the circuit court for the purpose. We believe the matter should be determined by ascertaining whether or not the omission to recite this fact from a transcript filed with the appeal of the garnishee goes to the jurisdiction of the circuit court; for if it does, then the fact that a judgment had been given against defendant in attachment before that against the garnishee may not be shown by the transcript of the justice introduced in evidence. Our statute, section 4069, Revised Statutes 1899, provides that on an appeal being allowed by the justice of the peace it shall be his duty to file in the office of the circuit court having appellate jurisdiction, within six days thereafter, a transcript of all entries made in his docket relating to the case, together with all of the process and other papers relating to the suit and filed with the justice. Section 4071 provides, upon the return of the justice being filed in the clerk's office, the court shall be possessed of the cause and shall proceed

to hear, try and determine the same anew without re-garding any error, defect or imperfection in the original summons or the service thereof or on the trial, judg-ment or other proceedings of the justice or constable in relation to the case. Under these statutes it is obvious that the court was possessed of jurisdiction over the cause for a sufficient transcript was filed therewith to this end. Both parties appeared there as they had be-fore the justice and no one can doubt the jurisdiction over the person. That the court had jurisdiction of the subject-matter is obvious.

It is argued that though the court becomes possessed of the cause on the filing of even a defective transcript and original papers in accordance with the statute quoted, it frequently occurs that such transcripts are so defective as to require amendment and that the courts have ruled where such defects exist there is no author-ity in the justice to supply the defects in the original transcript except under an order of the appellate court. It is true there are decisions which go to this effect. For instance, in Norton v. Porter, 63 Mo. 345, the transcript of the justice filed on appeal was defective in respect to a jurisdictional matter, for it did not ap-pear therefrom that some of defendants had appealed. The court ruled that the justice was without authority to amend the transcript on his own motion with respect to essential matters prerequisite to the right of appeal, and said the transcript could be corrected only in ac-cordance with the statute which prescribed a method of procedure to that end. To the same effect is Hall v. Patterson, 34 Mo. App. 169. In Horton v. St. Louis, I. M., etc., R. Co., 21 Mo. App. 147, a judgment by default was given against defendant by the justice of the peace and it seems no appeal would lie from such a judgment until a motion to set the same aside had first been de-nied by the justice. On appeal to the circuit court, the transcript filed therewith omitted to show the essential prerequisite to the right of appeal that a motion to set

the judgment by default aside had been denied. The defendant tendered in the circuit court a voluntary transcript certified by the justice showing the jurisdictional fact. The court, notwithstanding, dismissed the appeal for the reason such jurisdictional prerequisites might not be supplied by an additional transcript furnished by the justice without an order of the appellate court under the statute. These authorities all go to matters pertaining to the jurisdiction of the circuit court on appeal which should appear in the transcript and none of them suggest a rule of decision that it is reversible error for the circuit court to deny a rule on the justice to supply a fact unimportant to the jurisdiction of the appellate court. The statute under which rule the justice may be made is as follows:

"Whenever the court is satisfied that the return of the justice is substantially erroneous or defective, the court may, by rule and attachment, compel him to amend the same." [Sec. 4068, Revised Statutes 1899, sec. 4068, An. St. 1906.]

Of course, when the transcript of the justice on file with the appeal omits to disclose essential facts pertaining to the jurisdiction of the appellate court, the rule should go in every case, for without jurisdiction, the entire proceeding would be of no avail; but when the defect in the transcript relates to a matter not thus material, the statute, by its very terms, implies a measure of discretion in the circuit court. Under this very section it has been ruled that as to such matters the court may exercise its discretion and its judgment will not be reversed for refusing to make a rule on the justice for a correct transcript unless such discretion was manifestly abused. [Ryder, Shane, etc., v. Roberts, 48 Mo. App. 132.] It is clear no abuse of discretion appears in the record before us and unless the omission to recite in the original transcript that the judgment was entered against the defendant in attachment before one

was given against the garnishee is jurisdictional the ruling of the trial court ought not to be disturbed.

But it is said by the statute the court is forbidden to give a judgment against the garnishee until one is first had against the defendant in the main action and unless it appears in the transcript filed with the appeal the judgment of the justice against the defendant was given before that against the garnishee and from which the appeal is prosecuted, no authority is shown for the judgment against the garnishee and the matter should be treated as not within the jurisdiction of either the justice or the circuit court. If the matter were to be tried on the recitals of the transcript alone, the argument would inhere with much force, but in view of the trial anew to be had in the circuit court, we believe the fact of a prior judgment may be shown as a matter of evidence by the justice's docket entries in the main cause.

The answer to the proposition is that the two proceedings are in a measure separate actions though the garnishment is ancillary to the main case. For instance, in this case a judgment was given in favor of plaintiff and against defendant sustaining the attachment for the indebtedness sued for. No appeal was perfected therefrom and that matter passed into the realm of *res adjudicata*. The controversy between the plaintiff and the garnishee which arose, of course, ancillary to the main cause of action, proceeded on the issue as to whether or not the garnishee was indebted to the defendant in attachment. That issue was tried in accordance with section 3467, Revised Statutes 1899, section 3467, An. St. 1906, which is to the effect that all the issues between the plaintiff and the garnishee shall be tried as ordinary issues between plaintiff and defendant and costs may be adjudged for or against either party, as in ordinary actions. From the judgment in favor of plaintiff on the issue suggested, the garnishee appealed and the justice certified and filed in the cir-

Stevenson v. Adding Machine Co.

cuit court a transcript showing the proceeding had with respect to every essential fact in that controversy, but omitted to recite that a judgment was given against the defendant in the main action before one was given against the garnishee. With this one exception, the proceeding against the garnishee and that against the defendant in the attachment are wholly independent of each other. [Johnson v. Plimpton, 30 Vt. 420, 423.] Indeed, the two are independent to the extent that the appeal of the garnishee in no manner depends upon that of a party to the main action. In other words, though the judgment in the main action remains unappealed from as here, the garnishee may appeal, to the end of having his rights further considered. [9 Ency. Pl. and Pr., 866; Bradley v. Byerly, 3 Kan. App. 357, 360.] It would seem therefore to be a proper practice for the justice to keep a separate record as to the proceedings in the main action and those had in the controversy between the plaintiff in attachment and the garnishee. Of course in so far as the justice is concerned, if the judgment were not actually given against the defendant in the main action establishing the indebtedness before that against the garnishee, the fact would be known to him from his own records. We believe the omission of the justice to recite in his record of proceedings had between the plaintiff and the garnishee the fact that the judgment in the main cause was given first ought not to affect the jurisdiction on appeal, for whether it be true or not may be shown in the circuit court as a matter of evidence from entries in the justice's docket as to the main case. Indeed, it is said by high authority that the record of the garnishment case consists of the affidavit and summons, the return of the officer, the answer to the garnishee, either incorporated into the judgment or the bill of exceptions, or identified by an entry of the court, and the judgment rendered thereon. [9 Ency. Pl. and Pr., 872; Gunn v. Howell, 27 Ala. 663, 676, 677.]

Besides this statement of the rule as to the requirements of the record in the garnishment proceeding, which in no manner includes a recital as to the judgment in the main action, it has been repeatedly declared that though the record on appeal in the garnishment does not contain the final judgment in the original cause, it is sufficient. [Bradley v. Byerly, 3 Kan. App. 357, 360; Johnson v. Plimpton, 30 Vt. 420, 423; 9 Ency. Pl. and Pr., 866, 872.]

The judgment against the defendant in the main action not being a part of the record proper in the controversy between the plaintiff and the garnishee, it is said to be merely a matter of evidence which may be shown in the usual manner. [Gunn v. Howell, 27 Ala. 663, 677.] The matter not being important to the jurisdiction of the circuit court, there was no error in declining to make a rule on the justice for the omitted fact was one which may be proved by introducing in evidence the justice's entries in the main case.

The court gave judgment for plaintiff against the garnishee for one hundred dollars and it is argued the amount is excessive. We believe this to be true. It appears defendant Gantz, a non-resident of this state, was in the employee of the garnishee at a salary of two hundred dollars per month, which was paid weekly in installments of about fifty dollars each, though they varied. The garnishee was summoned on January 18th and filed its answer on January 29th. Under our statutes, section 3436, Revised Statutes 1899, section 3436 An. St. 1906, the service of garnishment has the effect of attaching any money of defendant then in the hands of the garnishee or that may be owing by the garnishee to defendant between that time and the time of filing the answer of the garnishee. [Dinkins v. Crunden-Martin, etc., Co., 99 Mo. App. 310, 73 S. W. 246.]

It is conclusively established in the proof that the garnishee had paid defendant his last wages up to the 16th day of January and two weeks, or one-half month's

wages were paid thereafter. Remittances of fifty dollars January 23d and fifty dollars January 30th were made to defendant in New York where he was located on the dates mentioned. The last remittance was made on January 30th, the day after the garnishee's answer was filed. There is some controversy in the case as to whether or not these remittances were made on Saturdays or on Thursdays, but we deem that unimportant as the uncontradicted proof is the two remittances by garnishee to the defendant of fifty dollars each, one of date January 23d and the other January 30th, paid his salary from January 16th up to February 1st. It is entirely clear that so much of the remittance included in that of January 30th which covered wages for the 30th and 31st may not be appropriated under this garnishment for the wages of these days accrued after the garnishee's answer was filed, but the indebtedness of the garnishee to plaintiff which existed at the time the notice of garnishment was served on January 18th is available in this proceeding, as it was money of defendant in the hands of the garnishee, in the sense of section 3436, for it had then been earned and was payable two or three days thereafter. So much, therefore, of defendant's wages as accrued after January 15th and until and including January 29th, are available here and the judgment should be for an amount accordingly, which is ascertained to be eighty-seven dollars and ten cents. It therefore appears the judgment of one hundred dollars is excessive. For the error of computation therein involved, the judgment should be reversed and the cause remanded unless plaintiff remits in this court twelve dollars and ninety cents, in which event the judgment will be affirmed, otherwise the case will stand reversed and remanded. It is so ordered. All concur.