The SANCO FINANCE CO., Inc., Plaintiff-Respondent,

v.

Naydeen D. AGNEW, Defendant,

and

Mr. and Mrs. Daniel Bartlett, Jr., Garnishees of Defendant-Appellants.

No. 33740.

St. Louis Court of Appeals, Missouri.

Dec. 22, 1970.

Motion for Rehearing or to Transfer to Supreme Court Denied Jan. 25, 1971.

Daniel Bartlett, Jr., St. Louis, for appellants.

Louis Glaser, St. Louis, for plaintiff-respondent.

DOWD, Judge.

Does a garnishment in aid of execution in the magistrate court attach only funds or property belonging to the judgment debtor in the hands of the garnishee at the time of service of the garnishment on the garnishee? Or does it attach funds or property belonging to the judgment debtor coming into the hands of the garnishee from the time of service of the garnishment on the garnishee to the time of filing his answer to interrogatories?

The facts giving rise to this issue are as follows. Plaintiff obtained a default judgment against Naydeen D. Agnew in a magistrate court of St. Louis County for $459.-00.

A magistrate execution and a garnishment were issued and appellants, Mr. and Mrs. Daniel Bartlett, Jr., were named as garnishees. The Summons of Garnishee was served on Mrs. Bartlett on January 5, 1968. The interrogatories provided for in the magistrate court were attached to the

Summons of Garnishee. The return date of the garnishment was April 2, 1968.

On April 2, 1968 the following interrogatories[1] by plaintiff and answers by appellant-garnishee, Daniel Bartlett, Jr., were filed in the magistrate court:

"First—At the time of the service of the Garnishment, had you in your possession or under your control any property, moneys, goods or effects of the defendant? If so, state what property, how much, of what value and what money or effects.

(Answer) "No.

"Second—At the time of the service of Garnishment, did you owe the defendant any money, or do you owe her any now? If so, how much, on what account and when did it become due? If not yet due, when will it become due?

(Answer) "At the time of the service of the Garnishment, to wit, 10:15 A.M. on January 4, 1968, Garnishee owed defendant the sum of $1.17, being the then amount of accrued fees payable by garnishee to defendant. Garnishee owes defendant nothing as of the date hereof.

/s/ Daniel Bartlett, Jr."

The appellants-garnishees forwarded a check for $1.17 to the constable.

Shortly thereafter the plaintiff filed a denial of garnishee's second answer to interrogatories of plaintiff. Later plaintiff amended its denial of garnishee's answer by stating that it,

"* * * has reason to believe that defendant was employed by garnishees

from the time garnishees were served with summons of garnishment, January 5, 1968, until the time such garnishment was returnable, April 2, 1968 or until the garnishees filed their answer, April 1, 1968.

"2. Garnishees have stated that they paid to the defendant in the form of wages the sum of $240.00 from the date of service of the garnishment on them until their answer was filed, April 1, 1968."

Appellants-garnishees stipulated with plaintiff that they had paid Mrs. Agnew the sum of $240.00 during this period. The magistrate thereafter entered a judgment in plaintiff's favor and against appellants-garnishees of defendant Naydeen D. Agnew for $240.00.

The circuit court on appeal also found against the appellants-garnishees and entered judgment against them for $240.00 plus interest and costs. The circuit court cited Stevenson v. Standard Adding Machine Co., 150 Mo.App. 555, 565, 131 S.W. 162 as a basis for the judgment. Garnishees appeal. The respondent failed to file a brief.

We believe that a determination of the issue of whether a garnishment in aid of execution in the magistrate court attaches funds or property belonging to the judgment debtor coming into the hands of the garnishee from the time of service of the garnishment on the garnishee to the time of filing his answer to interrogatories depends on whether Section 525.040 applies to magistrate garnishments. Section 525.-040 is set out under Garnishments Generally, and is entitled "Effect of notice of gar-

---

1. Section 525.330, RSMo 1959, V.A.M.S.* regulates specifically what interrogatories may be used in a garnishment in the magistrate court. This section which is entitled "Interrogatories propounded to garnishee before a magistrate" provides in part: "The following interrogatories, and *none other*, shall be propounded to a garnishee summoned in a suit before a justice of the peace, which he shall answer on oath * * *."

(Emphasis supplied). The plaintiff's interrogatories as set out above complied exactly with the statutory form of interrogatories in the magistrate court except for the addition of the word "goods" in its first interrogatory.

* All statutory references are to RSMo 1959, V.A.M.S. unless otherwise stated.

nishment." The pertinent part of this statute is as follows:

" * * * Notice of garnishment, served as provided *in section 525.010 to 525.300* shall have the effect of attaching all personal property, money, rights, credits, bonds, bills, notes, drafts, checks or other choses in action of the defendant in the garnishee's possession or charge, or under his control at the time of the service of the garnishment, or which may come into his possession or charge, or under his control, or be owing by him, between that time and the time of filing his answer; * * *." (Emphasis supplied).

Chapter 525, RSMo 1959, V.A.M.S. which governs garnishments is divided into two parts. Sections 525.010 to 525.310 concern garnishments generally and Sections 525.320 through 525.480 apply specifically to garnishments in the magistrate courts. In the magistrate sections there is no attachment for the full period as is provided by Section 525.040. In fact the Legislature made Section 525.040 only applicable to garnishments served under Sections 525.010 to 525.300 and as said above garnishments in the magistrate court are set out from Sections 525.320 through 525.480. Where the Legislature saw fit to make the statutes governing circuit court garnishments applicable to magistrate garnishments it did so specifically. An example of this is Section 525.400 which is included under magistrate garnishments and it made Sections 525.220 and 525.230 applicable to magistrate garnishments.

■ A garnishment is a statutory action and there must be strict compliance with the statutory requirements to support the court's jurisdiction over the garnishment proceedings. Blackburn Motor Co. v. Benjamin Motor Co., Mo.App., 340 S.W.2d 155[3]; C. Rallo Contracting Company v. Blong, Mo.App., 313 S.W.2d 734[1]. Here there is no statute authorizing the attachment for the full period in magistrate garnishments.

■■ We hold that only funds or property belonging to the judgment debtor in the hands of the garnishee at the time of service of the garnishment on the garnishee are attached and we hold that the attachment provision (§ 525.040) for this full period, i. e., from service of garnishment to time of filing answers to interrogatories applies to circuit court garnishments and does not apply to magistrate garnishments.

The trial court cited Stevenson v. Standard Adding Machine Co., 150 Mo.App. 555, 565, 131 S.W. 162, 165 as a basis for its judgment against the garnishees. In Stevenson, supra, the court in a decision dealing with a justice of the peace garnishment did say at l. c. 165: "Under our statutes (section 3436, Rev.St.1899 [section 3436, Ann.St.1906]), the service of garnishment has the effect of attaching any money of defendant then in the hands of the garnishee or that may be owing by the garnishee to defendant between that time and the time of filing the answer of the garnishee. * * *" The Stevenson, supra, decision was a correct statement of the law at that time. However, the Stevenson holding was based on the fact that Section 3436 which attached funds for the full period applied to garnishments in the justice courts. The statute cited in Stevenson (§ 3436, Rev.St.1899) is the same statute as is set out in Section 525.040.

Section 3436 provided that "Notice of garnishment, *served as provided in this Chapter*, [Chapter 33, Garnishments] shall have the effect of attaching all personal property, money * * * in the garnishee's possession * * * at the time of the service of the garnishment, or which may come into his possession or charge, or under his control, or be owing by him, between that time and the time of filing his answer; * * *." (Emphasis supplied).

The statutes governing garnishments in the justice of the peace courts were includ-

ed in Chapter 33. So, therefore, the attachment for the full period applied to justice garnishments at that time.

However, in tracing the history of Section 3436, we find that the law was changed by Section 2416, R.S.1909 (which is identical with 3436) in that it made the attachment for the full period applicable only to circuit court garnishments. It did this by providing that this statute was applicable only to Article 5, Chapter 22, RS Mo 1909. The statutes governing garnishments in the justice courts are not included in Article 5, Chapter 22, but are separated and set out in Article III, Chapter 66, RS Mo 1909 and designated as "Justice Courts —Particular Actions—Garnishments."

Continuing to trace the history of Section 3436 by examining the Revised Statutes for the years 1919 (§ 1849); 1929 (§ 1399); 1939 (§ 1563); 1949 and 1959 (§ 525.040) shows that the Legislature continued to provide that the statute attaching funds from the time of service of garnishment to the time of answer shall only apply to circuit court garnishments.

The record shows that the garnishees paid into court $1.17 which represents the amount of money the garnishees owed defendant at the time of service of the garnishment and this being the extent of garnishees liability the judgment is reversed. The cause is remanded to the circuit court with direction to discharge the garnishees.

WOLFE, P. J., and BRADY, J., concur.